■ In the Matter of ED CONNOLLY, Respondent, v NEW YORK GUARD et al., Appellants.—Crew III, J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered May 17, 1990 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to release certain documents under the Freedom of Information Law.

Petitioner is a free-lance writer who made a request under the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) seeking, *inter alia,* mobilization plans and documents prepared for the 1988 and 1989 annual training exercises for respondent New York Guard. On March 13, 1989, respondent Thomas J. Vogel, the Guard's Deputy Chief of Staff, denied the requested materials based upon Public Officers Law § 87 (2) (g). Petitioner administratively appealed and on April 22, 1989 respondent Vincent W. Lanna, the Guard's Commander, affirmed Vogel's determination. Additionally, Lanna denied petitioner's request on the ground that disclosing said materials could endanger the life and safety of Guard members or others. Petitioner then commenced this CPLR article 78 proceeding alleging that respondents failed to satisfy their burden of showing that the requested materials came within one of the FOIL exemptions. Respondents opposed the petition on the basis that their refusal to disclose said materials was a discretionary act. After an in camera review of said materials, Supreme Court granted the petition in its entirety. This appeal ensued.

The only issue raised and argued by the parties on this appeal is whether disclosure of the materials requested by petitioner would endanger the life and safety of Guard members or others (Public Officers Law § 87 [2] [f]). Respondents contend that they have satisfied their burden of demonstrating that disclosure of the materials requested by petitioner could possibly endanger the lives or safety of Guard members or others. Respondents assert that the materials sought by petitioner include methods used to communicate with Guard members in the event of mobilization, procedures used to

assemble and disperse Guard members, identification code words, and methods and procedures relating to security, intelligence and counterintelligence. Respondents conclude that if this information was available to terrorists, then the terrorists could interrupt or frustrate orderly mobilization or avoid detection.

After our own in camera review of the requested materials, we find that respondents have satisfied their burden of demonstrating a possibility of endangering the safety of individuals with respect to the following materials: the cover sheets before reaching the annexes for documents dated April 1, 1986, January 1988, May 3, 1988 and February 1989; annexes B, C, E, H, I, K, L, U, X and Z along with accompanying appendices and tabs therewith for said documents and revisions dated April 1, 1986, January 1988, May 3, 1988 and February 1989; appendix 1 for annex S for said document dated April 1, 1986; question 24 of annex Y for said document dated April 1, 1986; and annex A along with accompanying appendices and tabs therewith for said documents and revisions dated April 1, 1986, January 1988 and February 1989—except appendix 1 for annex A dated January 1988 (see, Matter of Stronza v Hoke, 148 AD2d 900, 901, lv denied 74 NY2d 611). Accordingly, we direct respondents to disclose all of the materials presented for in camera review, except those documents determined by this court to present the possibility of endangering the safety of members of the Guard or others.

Casey, J. P., Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the judgment is modified, on the law and the facts, without costs, by reversing so much thereof as granted the petition regarding those materials found by this court to present the possibility of endangering the safety of members of respondent New York Guard or others; determination confirmed with regard to said materials and that portion of the petition relating thereto dismissed; and, as so modified, affirmed.