■ In the Matter of NEW YORK CIVIL LIBERTIES UNION, Appellant, v CITY OF SCHENECTADY et al., Respondents. [761 NYS2d 704] —Crew III, J. Appeal from that part of a judgment of the Supreme Court (Caruso, J.), entered June 12, 2002 in Schenectady County, which partially denied petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's Freedom of Information Law requests.

In April 2000, petitioner filed a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request with respondent City of Schenectady seeking, insofar as is relevant to this appeal, the following:

"(3) All documents, memoranda, reports and/or other writings referencing: (i) Use of force by police officers against civilians * * *

"(4) All records and other documents reflecting complaints of police misconduct and/or brutality received by [respondent] Schenectady Police Department from January 1, 1999 to the present.

"(5) All records and other documents reflecting a police department investigation of the complaints referred to in #4, above.

"(6) All records and other documents reflecting discipline imposed with respect to #4 and #5, above."

Ultimately, following a hearing, Supreme Court denied the foregoing requests based upon various exemptions from disclosure embodied in Public Officers Law article 6. Petitioner now appeals from so much of Supreme Court's judgment as denied its request as to these items, as well as its request for counsel fees and costs.

"It is well settled that all agency records are presumptively available for public inspection and copying, unless the documents in question fall within one of the enumerated exemptions set forth in Public Officers Law § 87 (2)" (*Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police*, 218 AD2d 494, 496 [1996] [citations omitted]). As the goal of FOIL is to promote open government and public accountability, the exemptions available thereunder are to be narrowly construed, with the agency bearing the burden of demonstrating the applicability of the particular exemption claimed (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-275 [1996]). Specifically, "the agency must articulate 'particularized and specific justification' for not disclosing [the] requested documents" (*id.* at 275, quoting *Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]).

Here petitioner, pursuant to request No. 3 (i), sought incident reports relating to the use of force by police officers against civilians. Respondents denied that request, relying upon Public Officers Law § 87 (2) (g), which exempts from disclosure inter or intra-agency materials that are not statistical or factual tabulations or data, instructions to staff that affect the public or final agency policy or determinations. Supreme Court upheld that denial, finding that the relevant case law exempts such "use of force" reports from disclosure.

While it is true, as petitioner points out, that blanket exemptions for particular types of documents are disfavored under FOIL (*see Matter of Gould v New York City Police Dept., supra* at 275), there nonetheless is support for Supreme Court's holding in this regard (*see Matter of Gannett Co. v James*, 86 AD2d 744, 745-746 [1982], *lv denied* 56 NY2d 502 [1982]). As the

Fourth Department squarely held: " 'Use of Force' forms * * *, while not personnel records used to evaluate performance, are nonetheless exempt from disclosure as intra-agency materials which are not statistical or factual tabulations or data, instructions to staff that affect the public or final agency policy or determinations. This inter- or intra-agency exemption is important in that it permits police officers to express their views of events candidly and in writing" (*id.* at 745-746 [citation omitted]). Contrary to petitioner's assertion, the Court of Appeals' decision in *Gould* neither erodes nor overrules the Fourth Department's holding in *Gannett Co.*. Accordingly, the denial of petitioner's request in this regard was entirely proper.

We reach a similar conclusion with respect to the denial of request Nos. 4, 5 and 6, all of which pertain to documents relating to civilian complaints of police misconduct and/or brutality and any attendant departmental investigations or disciplinary measures imposed. Pursuant to Public Officers Law § 87 (2) (a), an agency may deny access to records or portions thereof that are "specifically exempted from disclosure by state or federal statute." In this regard, Civil Rights Law § 50-a (1) provides that "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency * * * shall be considered confidential and not subject to inspection or review without the express written consent of such police officer * * * except as may be mandated by lawful court order." The purpose of this provision is to "prevent the potential use of information in the records in litigation to degrade, embarrass, harass or impeach the integrity of the officer" (*Matter of Daily Gazette Co. v City of Schenectady*, 93 NY2d 145, 158 [1999]; *see Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.*, 73 NY2d 26, 31-32 [1988]). To that end, the agency invoking such exemption "must demonstrate a substantial and realistic potential of the requested material for the abusive use against the officer" (*Matter of Daily Gazette Co. v City of Schenectady, supra* at 159).

Although respondents' stated basis for denying the requested materials could have been articulated in a clearer fashion, we nonetheless are persuaded that they have met their burden of demonstrating a substantial and realistic potential for abuse should access to such materials be granted. Even a cursory review of the record makes plain that petitioner requests such materials as a watchdog organization seeking to cast a critical eye upon the inner workings of the City's police department—more specifically, that department's internal affairs division. In

this regard, it cannot seriously be argued that documents relating to complaints and investigations of police misconduct and the disciplinary measures, if any, imposed carry with them only the slightest potential for abusive use against the officer(s) involved. Moreover, given the records sought and the particular circumstances of this proceeding, we are not persuaded that redacting identifying details would alleviate the potential for abuse. Finally, we discern no abuse of discretion in Supreme Court's denial of petitioner's request for counsel fees and litigation expenses.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.