OPINION OF THE COURT
Chief Judge Kaye.
The question before us is whether “[fincident reports prepared by [Schenectady] police officers pertaining to use of force” are subject to production pursuant to a Freedom of Information Law (FOIL) request made by petitioner New York Civil Liberties Union (NYCLU). The muddled history of this case determines our answer to that question.
On April 24, 2000—more than four years ago—the NYCLU sent a FOIL request to the City of Schenectady requesting (among other things) “[a] 11 documents, memoranda, reports and/or other writings referencing . . . [u]se of force by police officers against civilians.” The City responded that the request was “too broad,” and the NYCLU thereafter limited its request to “[fincident reports prepared by police officers pertaining to use of force.” The City made no response. The NYCLU then filed an appeal with the Mayor, as the Records Access Appeals Officer (see Public Officers Law § 89). The City again made no response and, on May 7, 2001, the Department of State Committee on Open Government issued an Advisory Opinion concluding that the City had failed to comply with FOIL.
With still no response, on August 1, 2001 the NYCLU filed this CPLR article 78 proceeding alleging that the City violated FOIL by neither producing the requested records nor submitting a particularized, specific justification for its failure to do so. The City then produced certain documents including Police Objective Review Committee’s Annual Reports for 1999 and 2000 and offered to provide access to the Corporation Counsel’s “Claim Book” listing all filed claims.
Before Supreme Court, the City represented that the records being sought were “of the same type” as those sought in Matter of Gannett Co. v James (86 AD2d 744 [4th Dept 1982], lv denied *660 56 NY2d 502 [1982]) where the “Use of Force” form utilized by the Rochester Police Department was exempt from FOIL disclosure. Citing Gannett, Supreme Court agreed that the City was not required to produce the incident reports because “case authority squarely holds that incident reports prepared by police officers detailing use of force are exempt from disclosure under Public Officers Law § 87 (2) (g).” Before the Appellate Division, the City again argued that the Schenectady use of force form was “essentially identical” to the form used in Gannett and therefore production was not required. The Appellate Division affirmed, concluding that “the Court of Appeals’ decision in [.Matter of Gould v New York City Police Dept., 89 NY2d 267 (1996)] neither erodes nor overrules the Fourth Department’s holding in Gannett Co.” (306 AD2d 784, 786 [3d Dept 2003].) We granted the NYCLU leave to appeal (1 NY3d 503 [2003]).
After the NYCLU’s brief was filed, the City informed this Court by letter that it had discovered “a misunderstanding of the record.” Supported by the affidavit of the Police Chief enclosed with its letter, the City represented to us that it “does not have or utilize a ‘Use of Force’ form. In fact, the City has no routine procedure for reporting use of force other than references that might be included in standard incident and arrest reports which would normally be available for inspection pursuant to NY Public Officers Law § 87, or in the course of internal affairs investigations which would be exempt from public inspection pursuant to POL § 87 (2) (a) and Civil Rights Law § 50-a.” Additionally, the City wrote us, “the present Administration would have likely agreed to disclosure of use of force materials, redacted to safeguard exempt information, or to an in camera review by Supreme Court.” The Police Chief’s affidavit, however, further states that “searching the thousands of such reports each year to determine whether any reference to the use of force is entered therein would present a considerable burden on the personnel of my department.”
The NYCLU countered that it had been given a “runaround for the past four years,” and asks us to order production subject to an in camera inspection of records as to which an exemption is claimed. The City’s brief before this Court—completed after its representation that it does not have any use of force forms— continues to address the theoretical issue regarding whether use of force forms are exempt from disclosure.
The City’s inconsistent position presents a situation far different from the leave application, and creates a quandary. *661 Though the legal issue that has been briefed centers on use of force forms essentially identical to Rochester’s in Gannett (see Matter of Newsday, Inc. v New York City Police Dept., 133 AD2d 4, 18-19 [1st Dept 1987] [annexing the form]), we now know from correspondence and oral argument that in fact the City has no such records. Deciding whether such documents, had they existed, would have been subject to FOIL production is thus an academic issue. We do not decide academic issues, and on this record have no occasion to consider whether Gannett has any continuing viability after Gould. By the same token, the City acknowledges that its incident and arrest reports would normally be subject to FOIL, and that it would agree to disclosure of existing use of force materials, redacted to safeguard exempt information, or to an in camera review, but maintains that searching the thousands of such documents involved would be burdensome.
In this setting, the Appellate Division conclusion that “the denial of petitioner’s request in this regard was entirely proper” (306 AD2d at 786) cannot stand. The City does have incident and arrest reports that may include reference to use of force, and would be willing to disclose those subject to appropriate redaction or review. Denial of petitioner’s request was therefore not “entirely proper.” The shifting sands have, however, obscured even what records are in dispute at this time, although the parties at oral argument indicated essential agreement that at least documents evidencing assaults or injuries to a police officer or suspect, or use of a weapon, and documents pertaining to resisting arrest would pertain to use of force and would be subject to FOIL production.
Oral argument before the Court of Appeals is not the time or place for fixing the precise parameters of records “pertaining to use of force.” What is clear above all is that the “runaround” must end. The matter should therefore be remitted to Supreme Court, for its direction—consistent with the City’s obligations and acknowledgments—as to documents to be produced, subject to review by that court or a referee as necessary. The City is reminded that government records are “presumptively open,” statutory exemptions are “narrowly construed,” and the City must articulate a “particularized and specific justification” for nondisclosure (Matter of Gould v New York City Police Dept. 89 NY2d 267, 274, 275 [1996] [internal quotation marks omitted]). We trust that the City’s present attitude toward its disclosure obligations, together with Supreme Court’s expeditious resolu *662 tion of disputed issues, will bring a prompt and satisfactory end to this matter.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.
Judges G.B. Smith, Ciparick, Rosenblatt, Graffeo, Read and R.S. Smith concur.
Order reversed, etc.