■ In the Matter of CATHERINE REGENHARD et al., Appellants, v CITY OF NEW YORK et al., Respondents. [959 NYS2d 149]—

Order and judgment (one paper), Supreme Court, New York County (Cynthia S. Kern, J.), entered on or about October 25, 2011, which denied the petition seeking, among other things, to annul respondents' determination denying their Freedom of Information Law (Public Officers Law art 6) request for a list of the names and home addresses of the family members, next of kin, or authorized representatives of the 2,749 people who died in the September 11, 2001 attacks on the World Trade Center, and dismissed the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Respondents' determination denying petitioner's FOIL request was not affected by an error of law (*see Mulgrew v Board of Educ. of the City School Dist. of the City of N.Y.*, 87 AD3d 506, 507 [1st Dept 2011], *lv denied* 18 NY3d 806 [2012]). The court properly found that the requested information is exempt from disclosure pursuant to FOIL because such disclosure would constitute an unwarranted invasion of personal privacy (Public Officers Law § 87 [2] [b]). Since the disclosure of the names and home addresses of the families or representatives of the 2,749 people who died in the attacks on the World Trade Center does not fall within one of the six examples of an unwarranted invasion of personal privacy enumerated in Public Officers Law § 89 (2) (b), we must balance the privacy interests at stake against the public interest in disclosure of the information (*see Mulgrew*, 87 AD3d at 507; *see also Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 485 [2005]). The request for a list of these names and home addresses raises heightened privacy concerns, particularly in light of the "enormous—perhaps literally unequalled—public attention" that has been paid to the attacks and their aftermath (*id.* at 486). We reject petitioners' assertion that there is a stronger public interest in sending a letter to the families providing greater specificity about the planned location of unidentified remains of those who died in the attacks, which would be 70 feet underground and could be viewed by the families after passing through the National September 11 Memorial Museum without paying an admission fee. Notwithstanding the importance of the location of these remains to the families, respondents have largely addressed petitioners' concerns by sending a letter to the families providing substantially similar, if less detailed, information. Further, petitioners' objection that respondent's letter failed to encourage the recipients to provide any input does not outweigh the families' privacy interests.

Petitioners' request for attorneys' fees is denied (Public Officers Law § 89 [4] [c]). Concur—Gonzalez, P.J., Friedman, Moskowitz, DeGrasse and Freedman, JJ. **[Prior Case History: 2011 NY Slip Op 32844(U).]**