Order and judgment (one paper), Supreme Court, New York *437 County (Peter H. Moulton, J.), entered March 28, 2013, granting the CPLR article 78 petition to annul respondent NYPD’s determination, which redacted or withheld seven pages of documents from a file pertaining to a homicide investigation, and to compel respondent to disclose unredacted copies of all seven pages, as requested by petitioner pursuant to the Freedom of Information Law (FOIL), and awarding petitioner reasonable attorney’s fees, modified, on the law, to grant the petition to the extent of directing respondent to disclose the two pages that were entirely withheld, with the name, address, telephone number, and any other information identifying the unnamed informant redacted therefrom, to disclose a copy of the DD5 pertaining to that informant with the redactions made by respondent except for the police tax registration number, and denying petitioner’s request for attorney’s fees, and otherwise affirmed, without costs. Judgment, same court and Justice, entered June 24, 2013, awarding petitioner $49,276.94 in attorney’s fees, reversed, on the law, without costs, and the judgment vacated.
In this action for the disclosure of documents relating to a criminal investigation of Richard Rosario, who was convicted of murder in the second degree, we find that petitioner exhausted its administrative remedies by submitting an appeal from respondent’s initial denial of its FOIL (Public Officers Law § 84 et seq.) request, and, commencing the instant proceeding when it received only a partial determination after the statutorily mandated 10-day response period had lapsed (see Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 408 [1st Dept 2013], lv dismissed 21 NY3d 930 [2013]; Council of Regulated Adult Liq. Licensees v City of N.Y. Police Dept., 300 AD2d 17, 18 [1st Dept 2002]; see also Public Officers Law § 89 [4] [a]-[b]). Petitioner’s FOIL request sought disclosure of documents relating to the murder investigation, including a DD5, and statements from persons interviewed by the police, including someone who did not testify at trial and is identified in the DD5 only as “Passerby,” and Jose Diaz, a food cart vendor who was operating his hot-dog truck within a short distance of where the murder took place.
We agree with the dissent’s observation that the public safety exemption of Public Officers Law § 87 (2) (f) does not warrant a blanket exception for DD5s* that reveal the identity of individuals (see Matter of Gould v New York City Police Dept., 89 NY2d *438 267, 277 [1996]; Matter of Johnson v New York City Police Dept., 257 AD2d 343, 349 [1st Dept 1999]). However, the dissent’s rationale for release of this information, i.e., that “they may provide further information that would benefit Rosario’s case” is at odds with both the public safety and privacy exemptions of Public Officers Law § 87.
The Gould Court recognized that unlimited disclosure of identifying information on the DD5s is not warranted. It stated that “[d]isclosure of such documents could potentially endanger the safety of witnesses, invade personal rights, and expose confidential information of nonroutine police procedures. The statutory exemptions contained in the Public Officers Law, however, strike a balance between the public’s right to open government and the inherent risks carried by disclosure of police files” (Gould, 89 NY2d at 278, citing Public Officers Law § 87 [2] [b], [e], [f]).
We disagree with the dissent’s conclusion that there is no basis to find that “disclosing the passerby’s name, address, and telephone number as of 1996, and Jose Diaz’s address and telephone number, could endanger them or violate their privacy.” While it is true that, as we observed in Johnson, “the disclosure of information that tends to exonerate a criminal defendant would not be likely to present any apparent danger to the witness from whom it was derived” (257 AD2d at 349), we went on to state that, in the context of a homicide investigation, “we do not find that there must be a specific showing by respondents that petitioner, who is presently incarcerated, has threatened or intimidated any of the witnesses in his criminal case ... in order to warrant redaction of certain identifying information” (257 AD2d at 348, citing Gould, 89 NY2d at 277). Indeed, as we noted in Matter of Bellamy v New York City Police Dept. (87 AD3d 874 [1st Dept 2011], affd 20 NY3d 1028 [2013]), “The agency in question need only demonstrate ‘a possibility of endanger[ment]’ in order to invoke this exemption” (id. at 875, quoting Matter of Connolly v New York Guard, 175 AD2d 372, 373 [3d Dept 1991]; see Matter of Rodriguez v Johnson, 66 AD3d 536 [1st Dept 2009]). In fact, “[e]ven in the absence of such a threat, certain information found in DD5s could, by its inherent nature, give rise to the implication that its release, in unredacted form, could endanger the life and safety of witnesses or have a chilling effect on future witness cooperation” (Johnson, 257 AD2d at 349).
*439 Here, disclosure of the information concerning Diaz is not mandated by the observation that his testimony was potentially exculpatory. While his failure to identify Rosario in a lineup is arguably exculpatory, his testimony at trial which largely corroborated the accounts provided by the People’s other two witnesses raises the “possibility of endangerment,” satisfying respondent’s burden with respect to the information pertaining to Diaz (see Matter of Bellamy, 87 AD3d at 875).
Further, the disclosure of the information regarding Passerby would also create a possibility that Passerby’s life or safety could be endangered. While it is true that Passerby’s statement might seem at odds with the account provided by the People’s witnesses, this account is not dispositive.
Moreover, we find that the disclosure of the addresses and phone numbers of Diaz and Passerby, as well as Passerby’s name, would constitute an unwarranted invasion of privacy. Since there is no argument that the records at issue fall within any of the six non-exhaustive categories of exemption set forth in Public Officers Law § 87 (2) (b), we must, as noted by the dissent, “balance the privacy interests at stake against the public interest in disclosure of information” (Matter of Regenhard v City of New York, 102 AD3d 612, 613 [1st Dept 2013]). In addition to the above analysis of the public safety exemption, account must be taken of the chilling effect the release of such personal information to the general public would have on future witnesses to intentional murder from cooperating with the police, for fear that once they provide their contact information, the general public would have easy and permanent access to their whereabouts as well as the information they provided during the investigation. We have held such redactions to be proper (see Matter of Rodriguez, 66 AD3d 536).
Accordingly, we find that respondent properly redacted identifying information regarding Diaz and Passerby before disclosing some of the requested documents.
Information regarding other persons who did not provide statements to law enforcement was properly withheld since, under these circumstances, disclosure would result in an unwarranted invasion of personal privacy (see Public Officers Law § 87 [2] [b]; Matter of Bellamy, 87 AD3d at 875; Matter of De Oliveira v Wagner, 274 AD2d 904, 905 [3d Dept 2000]). However, respondent fails to establish that the disclosure of the tax registration number of the detective who recorded an unnamed informant’s statement would constitute an unwarranted invasion of public privacy; thus, respondent must disclose a new copy of the DD5 pertaining to this informant with this number unredacted.
*440 Respondent fails to establish that the pages pertaining to the unnamed informant fall under the confidentiality exemption (Public Officers Law § 87 [2] [e] [iii]), in the absence of any evidence that this person received an express or implied promise of confidentiality (see Matter of Johnson, 257 AD2d at 348). Furthermore, since respondent fails to establish that any exemption justifies the complete withholding of two of the three pages pertaining to this informant, respondent is ordered to disclose those pages with redactions only to conceal the informant’s name, address, phone number, and any other information identifying this person.
Since petitioner has not substantially prevailed, it is not entitled to attorney’s fees pursuant to Public Officers Law § 89 (4) (c). Concur — Tom, J.E, Sweeny, Saxe and Clark, JJ.

 DD5s are “reports produced by police officers to record the information they have gathered in conjunction with an investigation made pursuant to a complaint,” which are commonly requested in FOIL applications pertaining to *438 prior criminal investigations (see Matter of Johnson v New York City Police Dept., 257 AD2d 343, 346, 349 [1st Dept 1999], lv dismissed 94 NY2d 791 [1999]).