In a proceeding pursuant to CPLR article 78 to compel the *936 production of certain documents pursuant to the Freedom of Information Law (Public Officers Law art 6), the New York City Fire Department appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Martin, J.), dated May 23, 2013, as directed it to provide the petitioner with legible unredacted copies of all documents inspected by the court in camera.
Ordered that the judgment is modified, on the law and in the exercise of discretion, by deleting the provision thereof, in effect, directing the New York City Fire Department to provide the petitioner with residence addresses contained in the documents inspected by the court in camera; as so modified, the judgment is affirmed insofar as appealed from, with costs to the petitioner.
The petitioner requested certain documents from the New York City Fire Department (hereinafter the Fire Department), pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]). The Fire Department provided the petitioner with copies of the documents, but with numerous items of information redacted. Upon an in camera inspection of unredacted copies of the documents, the Supreme Court directed the Fire Department to provide the petitioner with legible unredacted copies of the subject documents.
Under FOIL, government records are “presumptively open” for public inspection and copying, unless they fall within an enumerated statutory exemption of Public Officers Law § 87 (2) (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274 [1996]; see Matter of New York Civ. Liberties Union v City of Schenectady, 2 NY3d 657, 661 [2004]). The exemptions are to be “narrowly construed” so as to ensure maximum public access (Matter of Gould v New York City Police Dept., 89 NY2d at 275 [internal quotation marks omitted]; see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d 652, 657 [2012]; Matter of New York Civ. Liberties Union v City of Schenectady, 2 NY3d at 661), and the burden rests on the agency to demonstrate that the requested material in fact qualifies for exemption (see Public Officers Law § 89 [4] [b]; Matter of Town of Waterford v New York State Dept. of Envtl. Conservation, 18 NY3d at 657; Matter of Gould v New York City Police Dept., 89 NY2d at 275). To meet that burden, the agency must “articulate particularized and specific justification” for the nondisclosure at issue (Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]; see Matter of West Harlem Bus. Group v Empire State Dev. Corp., 13 NY3d 882, 885 [2009]; Matter of New York Civ. Liberties Union v City of Schenectady, 2 NY3d *937 at 661; Matter of Gould v New York City Police Dept., 89 NY2d at 275).
Here, the Fire Department failed to articulate a particularized and specific justification for any of the redacted information at issue, except for the residence addresses contained in the subject documents. The Fire Department’s conclusory assertions that the redacted information, other than residence addresses, fell within a statutory exemption were insufficient to meet its burden of demonstrating that the requested information was exempt from disclosure (see Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 907-908 [1979]; Matter of Baez v Brown, 124 AD3d 881, 883 [2015]; Matter of Jaronczyk v Mangano, 121 AD3d 995, 996 [2014]; Matter of Dilworth v Westchester County Dept. of Correction, 93 AD3d 722, 724 [2012]).
However, we conclude that disclosure of the residence addresses contained in the subject documents would constitute an unwarranted invasion of personal privacy (see Public Officers Law §§ 87 [2] [b]; 89 [2]), since, under the circumstances of this case, the privacy interests at stake outweigh the public interest in disclosure of that information (see generally Matter of Massaro v New York State Thruway Auth., 111 AD3d 1001 [2013]; Matter of New York Times Co. v City of N.Y. Police Dept., 103 AD3d 405, 407 [2013]; Matter of Regenhard v City of New York, 102 AD3d 612 [2013]). Thus, we modify the judgment so as to permit redaction of the residence addresses. Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.