Matter of Empire Ctr. for Pub. Policy v New York City Police Pension Fund (2020 NY Slip Op 06949)





Matter of Empire Ctr. for Pub. Policy v New York City Police Pension Fund


2020 NY Slip Op 06949


Decided on November 24, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 24, 2020

Before: Renwick, J.P., Kapnick, Gesmer, Kern, JJ. 


Index No. 156486/18 Appeal No. 12485 Case No. 2020-01575 

[*1]In the Matter of Empire Center for Public Policy, Petitioner-Appellant-Respondent,
v
New York City Police Pension Fund, Respondent-Respondent-Appellant.


Government Justice Center, Inc., Albany (Cameron J. Macdonald of counsel), for appellant-respondent.
James E. Johnson, Corporation Counsel, New York (Melanie Tharamangalam West of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered August 26, 2019, which, insofar as appealed from as limited by the briefs, granted the CPLR article 78 petition seeking an order compelling respondent, pursuant to the Freedom of Information Law (FOIL), to disclose the names of retired police officer pension members, to the extent of ordering respondent to produce records with unredacted names of all retirees in the 2017 fiscal year, [*2]except for names which respondent already withheld in response to petitioner's 2014 FOIL request, unanimously modified, on the law, to deny the petition in its entirety, and dismiss the proceeding, and otherwise affirmed, without costs.
Supreme Court properly upheld respondent's decision to refuse to disclose the names of respondent's 2008 to 2014 retirees, on the ground the request is duplicative and time-barred (see Matter of United Probation Officers Assn. v City of New York, 187 AD3d 456 [1st Dept Oct. 6, 2020]; accord, e.g., Matter of Stankevich v New York City Police Dept., 173 AD3d 507, 508 [1st Dept 2019], lv denied 35 NY3d 902 [2020]).
Conversely, in opposing disclosure of its police officer retirees' names, respondent submitted affidavits outlining the dangers faced by police officers generally, and detailing the risks retired officers faced, including thefts of handguns and assaults by persons they had arrested during their careers. Respondent thus met its burden of showing a possibility that disclosure of names could endanger the lives or safety of police retirees, as required to exempt them from disclosure pursuant to Public Officers Law § 87(2)(f) (see Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [1st Dept 2011], affd 20 NY3d 1028 [2013]; Matter of Connolly v New York Guard, 175 AD2d 372, 373 [3d Dept 1991]; Matter of Stronza v Hoke, 148 AD2d 900, 901 [3d Dept], lv denied 74 NY2d 611 [1989]).
We have considered petitioner's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 24, 2020