■ QUAIL RIDGE ASSOCIATES, Appellant, v CHEMICAL BANK, Respondent.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered April 11, 1990 in Putnam County, which denied plaintiff's motion to compel disclosure of certain documents.

Under the terms of a September 18, 1987 building and loan agreement, defendant was to loan plaintiff $22.3 million to fund the development of a condominium complex. In July 1988, defendant demanded that plaintiff cure a claimed deficiency under the agreement and thereafter gave notice of its intent to accelerate the loan if the deficiency was not cured by December 31, 1988. Plaintiff then commenced this action alleging, *inter alia,* defendant's breach of the building and loan agreement.*

Plaintiff brought this motion to compel disclosure of certain materials which defendant asserted were exempt from discovery as privileged attorney-client communications. Defendant opposed the motion and submitted the contested materials for Supreme Court's *in camera* review. Following its examination of the materials, Supreme Court denied the motion in all respects. Plaintiff appeals.

The materials which are the subject of this appeal all consist of written communications, primarily letters and memoranda between Wendy Auerbach and Bill Tracy, loan officers for defendant, Stephen Cea and Joshua Zakheim, attorneys in defendant's in-house legal division, and Donald Derfner, Daniel Solin and Alan Seife of Solin & Breindel, P. C., defendant's retained litigation attorneys. Each page of the documents is separately numbered and shall be referred to accordingly. In many cases, multiple copies of a document have been supplied,

---

* A more detailed statement of facts may be found in this court's decision on a prior appeal (162 AD2d 917, *lv dismissed* 76 NY2d 936).

accounting for multiple page references to a single document. Defendant has divided the material into two basic categories. All of the documents in folder A (2843-2849 and 2864-2868) relate to the preparation and review by defendant's legal division of loan closing documents, the actual loan closing and preparation of a waiver letter during the period September 1987 through November 1987. The documents in folder B relate to the period May 1988 through January 1989 and may be broken down into broad categories as follows:

I. Internal memoranda with attorney's handwritten notations.

2876-2893: Auerbach memorandum of May 11, 1988 meeting with Zakheim notations.

2956-2959: Auerbach memorandum of August 10, 1988 meeting with Derfner notations.

2980-2981: Auerbach 8/17/88 memorandum to credit committee with notations by Solin & Breindel.

II. Internal memoranda memorializing telephone conference with defendant's legal division or retained counsel.

2960-2963: 8/12/88 memorandum of Auerbach conference with Derfner.

2964-2965, 2971, 2974: 8/15/88 memorandum of Auerbach conference with Derfner.

2975-2978: 8/16/88 memorandum of Auerbach conference with Derfner.

2997-2999: 9/8/88 memorandum of Derfner conference with Todd Herbst, attorney for plaintiff.

III. Internal memoranda by nonlawyer memorializing telephone conference with plaintiff's representative.

2966-2970, 2972-2973: 8/15/88 memorandum of Auerbach conference with Marlon Dennis of Foreston Development.

2979, 3007-3008, 3010: 10/17/88 memorandum of Auerbach conference with Dennis.

3009, 3011-3013: 10/18/88 memorandum of Auerbach conference with Jack Heller of plaintiff.

3019: 11/21/88 memorandum of Bill Tracy conference with Heller.

IV.    Materials directly relating to rendition of legal services.

2900-2911, 2894-2897, 2912-2914: 5/12/88 Auerbach memorandum to Cea in connection with drafting of default and demand letter to plaintiff and draft letter, 5/12/88 proposed letter prepared by legal division and 5/13/88 memorandum of instruction.

2898, 2919-2921: 6/2/88 proposed letter of default to plaintiff and Cea memorandum of instruction.

3001-3006: 10/13/88 proposed letter to plaintiff and Derfner telecopier cover sheet and letter of instruction.

3020-3022: 12/__/88 proposed letter to plaintiff and 12/2/88 Seife telecopier cover sheet and letter of instruction.

3031-3033: 12/__/88 proposed letter to plaintiff and 12/15/88 Derfner telecopier cover sheet and letter of instruction.

2996, 3000, 3014-3015, 2949-2950, 3034: letters dated 9/6/88, 10/12/88, 10/20/88, 7/18/88, 8/4/88 and 12/21/88 between officers and employees of defendant and Solin & Breindel.

3035-3041: 1/3/89 and 1/9/89 proposed default letter prepared by Derfner and 1/9/89 telecopier cover sheet to Arthur Winoker, Esq.

3016-3018: 11/4/88 telecopier cover sheet from Derfner to Winoker and annexed correspondence from Herbst, with Derfner notations.

V.    Legal opinions.

2936-2948: 7/5/88 memorandum of legal opinion and recommendation from legal division together with FAX transmittal sheet to Winoker.

2915-2918: 5/25/88 Cea memorandum of legal opinion and

telecopier transmittal sheet to Winoker.

3043: 1/20/89 memorandum of legal opinion of Winoker.

In our view, Supreme Court was correct in its denial of plaintiff's motion with regard to all of the documents in folder A and all of the documents in folder B except those previously summarized in category III. Clearly, the documents in folder A and folder B categories I, II, IV and V constitute either documents " 'made for the purpose of obtaining legal advice and directed to an attorney who has been consulted for that purpose' " *(Rossi v Blue Cross & Blue Shield,* 73 NY2d 588, 593, quoting *Matter of Grand Jury Subpoena [Bekins Record Stor. Co.],* 62 NY2d 324, 329) or communications from an attorney to a client "made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship" *(supra,* at 593). Notably, for purposes of the attorney-client privilege, there is no distinction to be drawn between a corporation's communications with in-house counsel and outside counsel *(supra,* at 592). Based upon our review of the documents and the uncontroverted assertion that defendant's legal division is a separate unit functioning exclusively as an inside law firm and that its attorneys perform no business functions, we reject the contention that many of the documents were prepared in pursuit of a "business" or, at least, a mixed purpose rather than a "legal" purpose.

We also reject the contention that defendant had no reasonable expectation of litigation in the months following the critical May 11, 1988 meeting of the parties. The record and the documents clearly evidence defendant's concern with the status of plaintiff's loan and the requirement that all subsequent communications be carefully tailored to serve defendant's interests in the event of litigation. However, the mere fact that the folder B category III documents, containing no confidential information, were copied to attorneys is insufficient to establish the privilege as to them *(see, supra,* at 594), and Supreme Court's order must be modified to that extent. As a final matter, we note our disapproval of defendant's submission of ex parte "explanatory memoranda", which have not been considered by us in our determination.

Casey, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's motion to compel the production of documents numbered 2966 through

2970, inclusive, 2972, 2973, 2979, and 3007 through 3013, inclusive; motion granted to that extent and defendant is directed to produce said documents; and, as so modified, affirmed.