■ In the Matter of JAMES E. CLIFF, Appellant, v DENNIS C. VACCO as Attorney General for the State of New York, et al.,

Respondents. [699 NYS2d 791] —Graffeo, J. Appeal from a judgment of the Supreme Court (Hemmett, Jr., J.), entered October 13, 1998 in Washington County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

Petitioner, an inmate at Great Meadow Correctional Facility in Washington County, commenced this CPLR article 78 proceeding seeking to disqualify the Attorney General's office from defending certain Department of Correctional Services employees in two pending CPLR article 78 proceedings initiated by petitioner on the ground that such representation presents an inherent conflict of interest in light of the Attorney General's alleged duty to represent petitioner, an inmate at a correctional facility, in those proceedings. Prior to serving an answer, respondents moved to, *inter alia*, dismiss the petition for failure to state a cause of action. Supreme Court granted the motion and petitioner appeals.

We affirm. Pursuant to Executive Law § 63 (1), the Attorney General is charged with the responsibility to "[p]rosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state * * * in order to protect the interest of the state". While under certain defined circumstances the Attorney General may institute a civil action to enforce the laws of the State (*see*, Executive Law § 63 [15]) or may otherwise take action to protect the public interest (*see*, Executive Law § 63 [8]), we find no support for the proposition that this authority extends to the representation of private individuals such as petitioner in matters involving the enforcement of private rights. In light of respondents' clear statutory obligation to represent the State employees named as respondents in the two prior proceedings, and in the absence of any basis to conclude that respondents possessed a corresponding duty to represent petitioner in those proceedings, we discern no circumstances giving rise to an inherent conflict of interest. Accordingly, Supreme Court properly dismissed the petition.

Petitioner's remaining contentions have been reviewed and found to be lacking in merit.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.