■ In the Matter of JAMES E. MORGAN, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION, Respondent. [779 NYS2d 643]—

Kane, J. Appeal from a judgment of the Supreme Court (Lamont, J.), entered October 22, 2003 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent partially denying petitioner's Freedom of Information Law request.

Petitioner requested, pursuant to the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]), that respondent permit inspection and copying of all documents relating to a certain project conducted by respondent's Division of Lands and Forests Real Property Bureau. Respondent's employees and counsel from the Attorney General's office reviewed the file and determined that 68 pages were exempt from disclosure. Petitioner inspected and received copies of 129 pages and two maps. He wrote respondent a letter complaining that he was deprived of his ability to appeal because he did not know what documents were being withheld or the nature of the claimed exemption. Respondent treated the letter as an administrative appeal, denied the appeal, and stated that the 68 pages were exempt from FOIL disclosure because they were intra-agency deliberative memoranda, were subject to the attorney-client privilege, or were attorney work product.

Petitioner commenced this proceeding seeking disclosure of all documents. Respondent voluntarily turned over one page and provided the remaining documents to Supreme Court for in camera inspection. The court found that most of the documents were exempt, with its decision indicating the specific exemption

for each document. It ordered disclosure of two documents because respondent failed to meet its burden of proving exemption with respect to those documents. On petitioner's appeal, we modify by ordering disclosure of two additional documents.

All government documents are presumptively open for public inspection unless specifically exempted from disclosure by the Public Officers Law (*see Matter of Fappiano v New York City Police Dept.,* 95 NY2d 738, 746 [2001]). With some exceptions, interagency and intra-agency materials are exempt from FOIL disclosure (*see* Public Officers Law § 87 [2] [g]). The purpose of this exemption is to foster "the open exchange of ideas among government policymakers" (*Ingram v Axelrod,* 90 AD2d 568, 569 [1982]), by permitting persons in advisory positions to freely express their opinions to agency decision makers (*see Matter of Kaufman v New York State Dept. of Envtl. Conservation,* 289 AD2d 826, 827 [2001]). Consistent with that purpose, the appraisal report and a review of that report by respondent's employee were intraagency materials exempt from disclosure (*see Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131 [1985] [exempting as intraagency materials real estate appraisal reports prepared for agency by outside consulting firm]).

Under FOIL, an agency need not disclose documents "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). The CPLR creates privileges for communications between attorneys and their clients (*see* CPLR 4503 [a]), as well as for attorney work product (*see* CPLR 3101 [c]). Contrary to petitioner's arguments, state agencies have an attorney-client relationship with the Attorney General's office, as that office is obligated to prosecute, defend and control all legal business of state agencies (*see* Executive Law § 63 [1]). Thus, title reports, handwritten notes and diagrams prepared by the Attorney General's office were all work product which was privileged, therefore exempt from disclosure (*see* CPLR 3101 [c]). Additionally, communications between the Attorney General's Real Property Bureau and respondent's employees, made for the purpose of facilitating the rendering and obtaining of legal advice or services, were properly withheld as privileged materials (*compare Rossi v Blue Cross & Blue Shield of Greater N.Y.,* 73 NY2d 588, 592-594 [1989] [corporation's communications with counsel privileged just like any other client's communications]; *Quail Ridge Assoc. v Chemical Bank,* 174 AD2d 959, 962 [1991] [no distinction between communications with corporation's in-house counsel and outside counsel]).

However, not all of the withheld documents between respondent and counsel fall within the privilege. "[D]ocumentary com-

munications are not confidential if copies thereof are sent to third parties" (*Nelson v Greenspoon,* 103 FRD 118, 123-124 [1984]; *see Netherby Ltd. v G.V. Trademark Invs.,* 261 AD2d 161 [1999]; *Matter of Currency Conversion Fee,* US Dist Ct, SD NY, Oct. 21, 2003, Pauley, J.). The letter at pages 35-37 of the withheld documents was carbon copied to a third party, thus destroying any privilege pertaining to that letter. Further, while the privilege protects communications with counsel, it does not apply to "information obtained from or communicated to third parties, or to underlying factual information" (*Eisic Trading Corp. v Somerset Mar.,* 212 AD2d 451, 451 [1995] [citations omitted]; *see Matter of Civil Serv. Empls. Assn. v Ontario County Health Facility,* 103 AD2d 1000 [1984], *lv dismissed* 64 NY2d 816 [1985]). The memorandum at pages 49-50, while written to counsel by respondent's employee, contains only factual information gained through an investigatory interview with a third party. In addition to being purely factual, it is unlikely that the memorandum was to be kept confidential as it was in response to the letter at pages 35-37 which was disclosed to a third party, implying that the answer would also be disclosed. Consequently, as respondent failed to meet its burden of establishing a FOIL exemption for those documents, pages 35-37 and 49-50 should have been disclosed.

Cardona, P.J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, and petition granted to the extent that respondent is directed to provide petitioner with the letter and memorandum at pages 35-37 and 49-50 of the withheld documents; and, as so modified, affirmed.