*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   June 16, 2016                    521792
_____

PETER WALDMAN,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

STATE OF NEW YORK,
                    Respondent.
_____

Calendar Date:   April 21, 2016

Before:   McCarthy, J.P, Egan Jr., Lynch, Devine and Mulvey, JJ.

_____


        Law Office of Henry Stanziale, Mineola (Henry Stanziale of counsel), for appellant.

        Eric T. Schneiderman, Attorney General, Albany (Owen Demuth of counsel), for respondent.

_____


Mulvey, J.

        Appeal from an order of the Court of Claims (McCarthy, J.), entered December 19, 2014, which denied claimant's motion to compel defendant to answer interrogatories.

        In 2007, Luis Rodriguez robbed claimant and Marni Ludwig at gunpoint in a bar in Brooklyn.  Charged with robbery and weapons possession, Rodriguez was tried and convicted and sentenced to 25 years in prison.  In mid-2011, claimant was notified by the Office of Victim Services (hereinafter OVS) that the New York City Comptroller had agreed to pay Rodriguez a settlement of $110,000 for his excessive force claim against the City of New York, adjusted to $65,459.74 after payment of counsel fees. Claimant and Ludwig then informed OVS that they intended to pursue distribution of the funds as victims of Rodriguez's

crimes.  OVS, represented by the Attorney General, commenced a proceeding in Albany County to prevent dissipation of Rodriguez's assets (see CPLR art 63; Executive Law §§ 63, 622, 623, 632-a). An injunction was granted in July 2011, preventing the distribution of any funds that Rodriguez received from his settlement with the City.

Ludwig commenced an action against Rodriguez and obtained a judgment in the amount of $156,825 in July 2012.  She presented it to OVS, which successfully moved to lift the preliminary injunction.  Ludwig was thereafter paid the entire sum of Rodriguez's settlement funds.  Claimant also commenced an action against Rodriguez, yet he did not obtain a judgment until April 2013.  Upon learning that the Rodriguez settlement funds had been exhausted, claimant commenced this action against defendant in July 2013, alleging that OVS violated Executive Law §§ 632-a (2) and 633 by failing to preserve Rodriguez's assets once it had notice that he intended to commence a civil action against Rodriguez.

In July 2014, claimant served defendant with a demand for interrogatories, pursuing information about communications between the Attorney General and OVS in relation to the 2011 injunction and the payment of Rodriguez's assets to Ludwig.  OVS declined to answer certain interrogatories, invoking the attorney-client privilege with respect to its communications with the Attorney General.  Claimant moved to compel answers to those interrogatories, arguing that the Attorney General also represented him personally and waived that attorney-client privilege.  In December 2014, the Court of Claims denied the motion, determining that Executive Law §§ 632-a (7) and 633 did not permit the disclosure of attorney-client communications in general, and that claimant was not a client of either OVS or the Attorney General.  Claimant appeals.

We affirm.  The Court of Claims properly determined that, pursuant to Executive Law § 63, claimant was not a client of the Attorney General and that, pursuant to Executive Law § 633, claimant could not seek disclosure of attorney-client communications between the Attorney General and OVS.  Executive Law § 63 (1) establishes the attorney-client relationship between

the Attorney General and state agencies and offices, providing, in relevant part, that the Attorney General "shall . . . [p]rosecute and defend all actions and proceedings in which the state is interested, and have charge and control of all the legal business of the departments and bureaus of the state, or of any office thereof which requires the services of attorney or counsel, in order to protect the interest of the state" (see Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 587 [2004]; Matter of Cliff v Vacco, 267 AD2d 731, 732 [1999], lv denied 94 NY2d 762 [2000]). Executive Law § 623 (4) provides that, for the purpose of offering services to crime victims, OVS may request from state and local departments and agencies or public authorities, including the Attorney General, "such assistance and data as will enable the office to carry out its functions and duties," and further authorizes such departments and public authorities to provide assistance and data to OVS (see Executive Law § 622). While the Attorney General has the authority to commence civil actions to enforce state laws or protect the public interest (see Executive Law § 63 [8], [15]), such authority does not "extend[] to the representation of private individuals . . . in matters involving the enforcement of private rights" (Matter of Cliff v Vacco, 267 AD2d at 732; accord Grant v Harvey, 2012 WL 1958878, *3, 2012 US Dist LEXIS 75634, *6-7 [SD NY, May 24, 2012, No. 09-Civ-1918 (LTS) (KNF)]). Where an attorney-client relationship exists, communications therein are protected from disclosure unless the privilege is waived by the client (see CPLR 4503 [a] [1]). As to OVS, Executive Law § 633 (3) further provides that "[a]ny report or record obtained by [OVS], the confidentiality of which is protected by any other law or regulation, shall remain confidential subject to such law or regulation."

In this matter, nothing in the record evidences that claimant was a client of OVS — or, by extension, the Attorney General (see Executive Law § 63 [1]; Grant v Harvey, 2012 WL 1958878 at *3, 2012 US Dist LEXIS 75634 at *6-7; Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d at 587; Matter of Cliff v Vacco, 267 AD2d at 732). Indeed, OVS may not substitute itself for a crime victim and commence a plenary action against a convicted person; cf. New York State Crime Victims Bd. v T.J.M. Prods., 265 AD2d 38, 47 [2000]; see

Executive Law §§ 63, 632-a).  In pursuing Rodriguez's assets, claimant was represented by his own counsel, which OVS duly acknowledged in its response to claimant's demand for interrogatories.  When responding to claimant's demand for interrogatories, OVS relied on the attorney-client privilege for its declination to answer interrogatories that requested either certain information about communications between OVS and the Attorney General or understandings of the Attorney General relative to Executive Law § 632-a.  Although claimant relies upon Executive Law § 632-a (7) in his motion to compel, we find such reliance misplaced as the circumstances ultimately resulting in the instant action are not those to which Executive Law § 632-a (7) applies.

McCarthy, J.P., Egan Jr., Lynch and Devine, JJ., concur.


ORDERED that the order is affirmed, without costs.




ENTER:


Robert D. Mayberger
Clerk of the Court