*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:    February 23, 2017                522337
_____

In the Matter of SHOOTERS
    COMMITTEE ON POLITICAL
    EDUCATION, INC., et al.,
                    Respondents,

        v                                   MEMORANDUM AND ORDER

ANDREW CUOMO, as Governor of
    the State of New York,
    et al.,
                    Appellants.
_____

Calendar Date:    January 10, 2017

Before:   Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for appellants.

        James Ostrowski, Buffalo, for respondents.

_____

Mulvey, J.

        Appeals from two judgments of the Supreme Court (Melkonian,
J.), entered August 12, 2015 and November 19, 2015 in Albany
County, which partially granted petitioners' application, in a
proceeding pursuant to CPLR article 78, to annul three
determinations of respondents partially denying petitioners'
Freedom of Information Law request.

        Petitioners sought records from respondents related to a
rally held at the Empire State Plaza in April 2014.  Under the
Freedom of Information Law (see Public Officers Law art 6
[hereinafter FOIL]), petitioners requested several categories of

records.  Respondents separately replied by producing some and redacting and withholding others.  Following administrative appeals, petitioners commenced this CPLR article 78 proceeding to challenge respondents' determinations.  Respondents jointly answered and submitted all of the unredacted and withheld documents, together with privilege logs, to Supreme Court for its review.  After conducting an in camera review, the court upheld some of respondents' determinations and rejected others.  The court also denied petitioners' request for counsel fees.  Following a motion by respondents for clarification, Supreme Court conducted an additional in camera review and issued a second judgment ordering, among other things, that respondents disclose certain documents in whole or in part.  Respondents appeal from both judgments, limiting their appeal to nine documents (identified as Executive Chamber documents 16 and 23 through 30).

Pursuant to Public Officers Law § 87 (2) (g), "inter-agency or intra-agency materials" are exempt from FOIL disclosure to the extent that they do not contain "(i) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; [or] (iii) final agency policy or determinations." Public Officers Law § 87 (2) (a) also exempts from disclosure materials "specifically exempted from disclosure by state or federal statute," which includes privileged communications between attorneys and their clients as well as attorney work product (Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 587 [2004]).  Respondents contend that all of the documents at issue constitute both inter-agency as well as privileged attorney-client communications and are exempt from disclosure in their entirety.  Based on our own in camera inspection, we find that Supreme Court erred when it determined that these documents contain factual information subject to disclosure.

Document 16 is a brief email from a deputy counsel at respondent Office of General Services to an assistant counsel to respondent Governor regarding the agencies' response to a FOIL inquiry.  It identifies a rule and appended other documents that are not the subject of this appeal.  There is no statistical or factual tabulation or data set forth in the email message.  We

therefore find that it is exempt from disclosure because it constitutes an inter-agency communication in furtherance of the decision-making process (see Matter of Moody's Corp. & Subsidiaries v New York State Dept. of Taxation & Fin., 141 AD3d 997, 1001 [2016]). This document is also exempt from disclosure as a privileged attorney-client communication because it is part of the formulation of the government's response to the FOIL requests (see Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 593-594 [1989]). "So long as the communication is primarily or predominantly of a legal character, the privilege is not lost merely by reason of the fact that it also refers to certain nonlegal matters" (id. at 594 [citations omitted]).

Documents 23 through 30 are comprised of a chain of emails between an assistant counsel to the Governor, two FOIL attorneys for the Executive Chamber and a records access officer for respondent State Police. These documents also constitute exempt inter-agency materials. We disagree with Supreme Court that they contain factual data subject to disclosure. "Factual data . . . simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 277 [1996]). Documents 23 through 26 comprise an email chain beginning with a proposed response describing the legal authority for a rule, a summary of the background for the FOIL request, and a draft response to the FOIL request. Documents 27 through 30 are duplications of what appears in documents 23 through 26 as they are products of email forwarding. Supreme Court directed the disclosure of portions that include brief communications between the participants and the aforesaid summary and draft response. We do not view these portions as the kind of objective information subject to disclosure, since they are clearly drafted "for discussion purposes [and do] not constitut[e] final policy decisions" (Matter of Stein v New York State Dept. of Transp., 25 AD3d 846, 847 [2006] [internal quotation marks and citations omitted]). Again, as we found in regard to document 16, these communications are also exempt from disclosure, in their entirety, as both attorney-client communications (see Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d at 593-594) and attorney work product (see Matter of Spring v County of Monroe,

141 AD3d 1151, 1152 [2016]).

Turning finally to petitioners' contention that the attorney-client privilege should not apply to communications in furtherance of fraud or wrongful conduct (see Parnes v Parnes, 80 AD3d 948, 951 [2011]), we see no factual basis in the record demonstrating that these communications were in furtherance of such activity.

Garry, J.P., Rose, Devine and Clark, JJ., concur.

ORDERED that the judgments are modified, on the law, without costs, by reversing so much thereof as ordered disclosure of any portions of Executive Chamber documents 16 and 23 through 30, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court