Matter of Gilbert v Office of the Governor of the State of N.Y. (2019 NY Slip Op 02189)





Matter of Gilbert v Office of the Governor of the State of N.Y.


2019 NY Slip Op 02189


Decided on March 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 21, 2019

526678

[*1]In the Matter of ADAM B. GILBERT, Respondent,
v
OFFICE OF THE GOVERNOR OF THE STATE OF NEW YORK et al., Appellants.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Letitia James, Attorney General, Albany (Jeffrey W. Lang of counsel), for appellants.
Nixon Peapody LLP, Jericho (Thomas M. Mealiffe of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from an order and judgment of the Supreme Court (Platkin, J.), entered March 20, 2018 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondents denying petitioner's Freedom of Information Law requests.
Petitioner filed requests with respondents pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) seeking records related to the attempted termination by respondent Department of Transportation (hereinafter DOT) of a sublease of real property on which CPD NY Energy Corp operates a gas station. DOT leased the property to GTY NY Leasing, Inc. (hereinafter the lessor), which, with DOT's approval, sublet it to CPD for a term expiring on September 30, 2022. By letter dated March 15, 2016, DOT demanded that the lessor immediately terminate the sublease based on CPD's failure to disclose that it had paid fines based on violations of the minimum wage and overtime provisions of the Federal Fair Labor Standards Act and for price-gouging in the wake of Hurricane Sandy.
On March 31, 2016, CPD commenced an action against DOT and the lessor in Supreme Court, New York County, contesting the attempted termination of the sublease. Petitioner's counsel in the New York County action thereafter made two separate FOIL requests — one on April 26, 2016 to DOT and the second on June 1, 2016 to the Executive Chamber of respondent Office of the Governor of the State of New York (hereinafter the Governor's Office) — seeking all communications and documents related to termination of the sublease. The initial FOIL requests were denied by respondents and affirmed on administrative appeal on the basis that the documents sought were protected by the inter-agency or intra-agency materials exception to FOIL, by attorney-client privilege or as attorney work product. Petitioner commenced this CPLR article 78 proceeding to annul respondents' determination denying his FOIL requests. After conducting an in camera review of the documents provided by respondents, Supreme Court partially granted the petition. Respondents appeal.
"All government documents are presumptively open for public inspection unless specifically exempted from disclosure by [FOIL]" (Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 587 [2004] [citation omitted]). Inter-agency or intra-agency materials are exempt from FOIL disclosure to the extent that they do not contain "(i) statistical or factual tabulations or data; (ii) instructions to staff that affect the public; [or] (iii) final agency policy or determinations" (Public Officers Law § 87 [2] [g]). "Public Officers Law § 87 (2) (a) also exempts from disclosure materials specifically exempted from disclosure by state or federal statute, which includes privileged communications between attorneys and their clients as well as attorney work product" (Matter of Shooters Comm. on Political Educ., Inc. v Cuomo, 147 AD3d 1244, 1245 [2017] [internal quotation marks and citation omitted]).
Respondents contend that numerous emails between representatives of DOT and counsel in the Governor's Office that Supreme Court ordered be disclosed are protected by the attorney-client privilege [FN1]. DOT is an executive agency that was required to review with the Governor's Office the potential termination of the CPD sublease and, therefore, Supreme Court properly determined that an attorney-client relationship existed between counsel in the Governor's Office and DOT employees. The attorney-client privilege exists to foster open dialogue between attorneys and clients, and it applies to communications between attorneys and clients that are made for the purpose of obtaining or rendering legal advice in the course of a professional relationship (see CPLR 4503 [a]; Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d 371, 378-379 [1991]; Rossi v Blue Cross & Blue Shield of Greater N.Y., 73 NY2d 588, 592-593 [1989]). In determining whether a communication is protected by the attorney-client privilege, "the critical inquiry is whether, viewing the lawyer's communication in its full content and context, it was made in order to render legal advice or services to the client" (Spectrum Sys. Intl. Corp. v Chemical Bank, 78 NY2d at 379). In that regard, inasmuch as facts are the foundation of legal advice, the attorney-client privilege protects communications between an attorney and his or her client that convey facts relevant to a legal issue under consideration, even if the information contained in the communication is not privileged (see id. at 379-380; Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC, 68 AD3d 1720, 1721-1722 [2009]). Each of the emails at issue are communications between counsel in the Governor's Office and DOT employees that contain or reference factual information relevant to counsel providing legal advice regarding the proposed termination of the sublease. Accordingly, we conclude that the emails are protected by the attorney-client privilege and, therefore, Supreme Court erred in ordering their disclosure.
Respondents further contend that preliminary drafts of the letter that was ultimately sent terminating the sublease are exempt from disclosure under FOIL as inter-agency or intra-agency materials and as attorney work product [FN2]. The letters are drafts of the final termination notice that incorporate counsel's recommendations and that were circulated in furtherance of the decision-making process prior to a final determination; accordingly, they are exempt from disclosure under FOIL as inter-agency or intra-agency materials and as attorney work product (see Matter of Gartner v New York State Attorney General's Off., 160 AD3d 1087, 1091-1092 [2018]; Matter of Shooters Comm. on Political Educ., Inc. v Cuomo, 147 AD3d at 1246; Matter of Spring v County of Monroe, 141 AD3d 1151, 1152 [2016]). Respondents further argue that two additional documents that Supreme Court disclosed should be exempt solely on the basis that they were attached as exhibits to the draft termination letters. The first document is the lease agreement and the second document consists of correspondence and documents related to DOT's consent to the assignment of the lease to the lessor and the sublease to CPD [FN3]. The documents [*2]contain only factual information, and respondents concede that they are duplicates of records that have already been provided to petitioner. Accordingly, Supreme Court properly ordered their disclosure.
Garry, P.J., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order and judgment is modified, on the law, without costs, by reversing so much thereof as ordered disclosure of the emails and the draft letters specifically identified herein, and, as so modified, affirmed.



Footnotes

Footnote 1: The specific emails at issue are identified as DOT page numbers 004, 028-029, 030-031, 039, 040-041, 042, 043, 045-046, 051-052 and 069, and GOV page numbers 256-257, 258-259, 421, 519-521, 587-588, 589-590 and 591-592.

Footnote 2: The draft letters are identified as GOV page numbers 511-518.

Footnote 3: The lease at issue is identified as DOT page numbers 081-104 and the documents related to the lease assignment and the sublease are DOT page numbers 105-114.