| |
|---|
| **Pro Publica, Inc. v New York State Unified Ct. Sys. Off. of Ct. Admin.** |
| 2024 NY Slip Op 31624(U) |
| May 8, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 162134/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARLENE P. BLUTH                 PART                    14

_Justice_

------------------------------------------------------------------------------X

PRO PUBLICA, INC.

INDEX NO.             162134/2023

Petitioner,

MOTION DATE          05/02/2024

- v -

MOTION SEQ. NO.           001

NEW YORK STATE UNIFIED COURT SYSTEM OFFICE
OF COURT ADMINISTRATION,

**DECISION + ORDER ON
MOTION**

Respondent.

------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23

were read on this motion to/for                      ARTICLE 78                      .

The petition to annul a determination by respondent denying petitioner's request under

the Freedom of Information Law ("FOIL") is denied.

**Background**

On June 30, 2023, petitioner sent a FOIL request to respondent seeking the following

three categories of records:

"1. Any and all closing memos or similar agency records produced by the Fiduciary Appointments Unit of the Office of the Inspector General for the New York State Courts detailing completed investigations conducted between 01/01/2015 to today, 06/30/2023.

2. Any and all complaint logs maintained by the Fiduciary Appointments Unit of the Office of the Inspector General for the New York State Courts detailing the status of complaints received between 01/01/2015 to today, 06/30/2023.

3. Any and all referral letters sent to outside agencies by the Fiduciary Appointments Unit of the Office of the Inspector General for the New York State Courts sent between 01/01/2015 to today, 06/30/2023." (NYSCEF Doc. No. 2).

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF
COURT ADMINISTRATION
Motion No.  001**

Page 1 of 8

[* 1]

Respondent denied this request on the ground that the records were subject to FOIL exemptions for both inter and intra-agency materials because the records requested were not final determinations and that their disclosure would constitute an unwarranted invasion of personal privacy (NYSCEF Doc. No. 3). After petitioner appealed, respondent adhered to this initial denial and denied the appeal (NYSCEF Doc. No. 5). This proceeding followed.

Petitioner contends that it wants records from respondent's Inspector General ("IG") concerning investigations into fiduciary appointments. It points out that this particular unit within the IG (the fiduciary appointments unit) was created in 2001 following public outcry over various incidents of misconduct by fiduciaries. Petitioner asserts that the IG investigates complaints made against fiduciaries and produces reports[1] that recommend whether or not the fiduciary should be removed from the Part 36 list (i.e., the list of individuals that can be appointed as a fiduciary).

Petitioner explains that after the IG finishes its report, it sends it to the Chief Administrative Judge who then decides the ultimate outcome. It argues that the closing memos (the first category of records requested) are final determinations because they are the IG's final take on a complaint.

Respondent insists that the closing memos fall under the intra-agency exemption to FOIL because they are not final determinations. It emphasizes that the Chief Administrative Judge has the final say on whether or not the fiduciary is removed from the appointments list. It also argues that referrals to outside entities, such as a prosecutor's office or an attorney grievance committee, are also not final determinations and are therefore subject to the inter-agency FOIL exemption. Respondent insists that referrals are made in varying situations; sometimes the referrals happen

---

[1] At oral argument, respondent noted that not every complaint results in a report by the IG. That is, some complaints are investigated and dismissed without a report.

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**
**Motion No.  001**

**Page 2 of 8**

before the IG has completed its investigative report and other times the referral happens after the report is completed. Respondent emphasizes that the IG has no authority to take any direct action and its role is merely to provide advisory opinions.

**Discussion**

"All government records are thus presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87(2). To ensure maximum access to government documents, the "exemptions are to be narrowly construed, with the burden resting on the agency to demonstrate that the requested material indeed qualifies for exemption. As this Court has stated, only where the material requested falls squarely within the ambit of one of these statutory exemptions may disclosure be withheld" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 274-75, 653NYS2d 54 [1996] [internal quotations and citations omitted]).

This Court previously ordered respondent to turn over responsive records for an *in-camera* review (NYSCEF Doc. No. 23). This decision is made after the Court's review of those records.

**The Closing Memos**

After reviewing the closing memos, the Court finds that they are exempt from disclosure under the intra-agency exemption. "Opinions and recommendations prepared by agency personnel may be exempt from disclosure under FOIL as predecisional material, prepared to assist an agency decision maker in arriving at his decision. Such material is exempt to protect the deliberative process of the government by ensuring that persons in an advisory role would be able to express their opinions freely to agency decision makers" (*Matter of Xerox Corp. v Town*

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**
**Motion No.  001**

**Page 3 of 8**

3 of 8

[* 3]

*of Webster*, 65 NY2d 131, 132, 490 NYS2d 488 [1985] [internal quotations and citations omitted]).

The Court finds that these closing memos are mere recommendations made to the Chief Administrative Judge about how to handle complaints lodged against fiduciaries. Each memo contains a review of the allegations and a suggestion for what action, if any, should be taken; sometimes, the recommendation is that no action is necessary. But these memos make clear that they are addressed to an administrative judge (sometimes to the chief administrative judge and in other instances to the first deputy administrative judge), who is then tasked with making a final determination. In sum, the *in-camera* documents make clear that these memos are part of the deliberative process, a process that is routinely exempt from disclosure under FOIL. They are not final agency determinations.

In this Court's view, these recommendations are just advice prepared for decision makers; therefore, the memos are exempt from disclosure so as to protect the ability of the IG to freely offer advice. The IG must be permitted to offer recommendations free from the concern that its preliminary reports might be released to the public. It falls squarely within the intra-agency exemption and is not, as petitioner argues, a final determination subject to disclosure under FOIL. There is no dispute that the final decision is made by someone else—usually the Chief Administrative Judge—and petitioner did not point to any requirement that this final decisionmaker has to follow the IG recommendation.

The Court observes that a Supreme Court Justice in Suffolk County came to the same conclusion that these types of materials were subject to the intra-agency exemption (*Yuliano v State of New York Office of Court Administration*, uploaded as NYSCEF Doc. No. 15).

**162134/2023 PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**
**Motion No. 001**

**Page 4 of 8**

4 of 8

[* 4]

The Court also finds that disclosing this information would constitute an unwarranted invasion of personal privacy for the fiduciaries, particularly for those where the IG suggests that no misconduct occurred. "Public Officers Law § 87(2)(b), which creates the privacy exception, refers to section 89(2), which contains a partial definition of 'unwarranted invasion of personal privacy,' but section 89(2)(b) is of little help here; it says only that 'an unwarranted invasion of personal privacy includes, but shall not be limited to' six specific kinds of disclosure. None of the six is relevant to this case, and so we must decide whether any invasion of privacy here is 'unwarranted' by balancing the privacy interests at stake against the public interest in disclosure of the information" (*Matter of The New York Times Co. v City of New York Fire Dept.*, 4 NY3d 477, 485, 796 NYS2d 302 [2005]).

Here, that balancing test compels the Court to deny disclosure on the privacy ground as well. Many of these memos analyze allegations of misconduct that, if made public, could irrevocably damage a fiduciary's reputation. While this Court is not concerned with protecting fiduciaries who have engaged in nefarious acts, those who the IG advises have not committed actionable conduct are at risk of having uncorroborated allegations made publicly available and endlessly repeated. Allegations are just that—only allegations. If the report suggests that the fiduciary did nothing to warrant removal from the list (as was the case in certain examples included in the *in-camera* documents), then disclosing the fact that there was an investigation could still damage the fiduciary's reputation. A complaint to the IG should not be held against a fiduciary if the fiduciary is found to have done nothing to warrant removal from the list.

On the other hand, the fiduciaries who have engaged in misconduct face other consequences, separate and apart from the IG report's advice, that ensure that they are not completely shielded from accountability. This can include referrals to disciplinary bodies,

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**   **Page 5 of 8**
**Motion No.  001**

5 of 8

referrals to prosecutors, publicly available decisions issued by the judges in the cases for which they were appointed and, of course, removal from the fiduciary list.

**Complaint Log**

The Court finds that the complaint logs are also exempt from disclosure under the personal privacy and intra-agency exemptions discussed above. The complaint logs include not only the name of the fiduciary but also the recommendation to the final decision maker as well as the basis for the recommendation. As respondent points out, the release of the complaint log would make it easy for individuals to identify the fiduciaries under investigation. Moreover, many of these fiduciaries are appointed in proceedings that are already closed from public view (such as proceedings brought under Article 81 of the Mental Hygiene Law). Release of the complaint log would ensure that the public could potentially identify not only the fiduciary but also the relevant parties and witnesses. That risk outweighs the public interest in finding out about these complaints.

To be sure, as petitioner correctly points out, there have been examples of misconduct by fiduciaries. But the public interest in knowing about those instances does not outweigh the danger of letting members of the public get access to information that is ordinarily confidential. The Court has no doubt that petitioner, a respected news organization, might treat the information with the appropriate solemnity and discretion. But FOIL does not contemplate releasing documents to certain petitioners and not others. And releasing complaint logs to the public at large would risk revealing information that should not be disclosed to the public. Consider an incapacitated person in an Article 81 proceeding where details of the person's illness and finances (along with other personal details), which are ordinarily shielded from public view,

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF          Page 6 of 8
COURT ADMINISTRATION**
**Motion No.  001**

[* 6]

6 of 8

are now easily discoverable under FOIL by any member of the public just because someone lodged a complaint against the appointed fiduciary.

**Referral Letters**

The third category of records concerns referrals made to outside agencies. These clearly constitute inter-agency material exempt from disclosure as they are not "the kind of objective information subject to disclosure, since they are clearly drafted for discussion purposes and do not constitute final policy decisions" (*Matter of Shooters Comm. On Political Educ., Inc. v Cuomo*, 147 AD3d 1244, 1246, 47 NYS3d 512 [3d Dept 2017] [internal quotations and citation omitted]). Making recommendations or informing another government agency about alleged misconduct is not a final decision; these referrals were made for discussion purposes. That is, the agencies receiving these letters were merely being informed about the IG's investigation but there were no final determinations made nor were they required to commence their own proceedings against the person being investigated by the IG.

**Summary**

The Court understands that petitioner is deeply concerned with the public interest in ensuring that court appointed fiduciaries are held accountable for misconduct. That interest is a laudable goal. However, that does not mean that this Court can ignore the FOIL exemptions discussed above. The fact is that, after reviewing the documents submitted by respondent for *in-camera* review, the Court finds that the closing memos are simply the IG's recommendations to a final decision maker. They are akin to a bench memo, where an analysis and recommendation is made, but it is very deferential and the final decision is ultimately up to the judge. They are not final determinations subject to disclosure under FOIL. And, similarly, the complaint logs and the referral letters are also exempt from disclosure as they are not final determinations.

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**
**Motion No.  001**

**Page 7 of 8**

[* 7]

The Court recognizes that petitioner argues that much of the information at issue here is factual. This Court disagrees. "Factual data, therefore, simply means objective information, in contrast to opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 277, 653 NYS2d 54 [1996]). The records here contain impressions about witnesses and analyses about allegations, which suggest that the documents at issue are not merely "objective information." They are memos in which opinions and advice are inextricably intertwined with the allegations of misconduct. This is not a situation in which these records contain statistical tabulations or data that can be easily separated from opinions and disclosed. Given the fact that these records are clearly not final determinations, the Court sees no basis to compel disclosure under FOIL.

Accordingly, it is hereby

ADJUDGED that the petition is denied and this proceeding is dismissed without costs or disbursements.

| 5/8/2024 | | | | | |
|---|---|---|---|---|---|
| **DATE** | | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | X CASE DISPOSED | | | NON-FINAL DISPOSITION | |
| | GRANTED | X | DENIED | GRANTED IN PART | OTHER |
| **APPLICATION:** | SETTLE ORDER | | | SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

**162134/2023   PRO PUBLICA, INC. vs. NEW YORK STATE UNIFIED COURT SYSTEM OFFICE OF COURT ADMINISTRATION**
**Motion No.  001**

**Page 8 of 8**

8 of 8

[* 8]