■ In the Matter of TERENCE BODDIE, Appellant, v GLENN S. GOORD, as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [674 NYS2d 466] —Appeal from a judgment of the Supreme Court (Harris, J.), entered June 5, 1997 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents denying petitioner's request under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6) petitioner, a prison inmate, requested that he be provided with a copy of the State Department of Correctional Services Employee Manual. Respondents granted petitioner's request in part but denied disclosure of certain provisions, stating that the release of such provisions could endanger the safety and security of the correction facility. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court granted the petition with respect to certain subsections of the manual but dismissed the petition with respect to others. Petitioner now appeals.

We affirm. Upon our in camera review of those portions of the manual that Supreme Court did not order disclosed, we conclude that such provisions pertain to the supervision and security of inmates and, as such, fall within the exemption governing materials which "if disclosed would endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]; *see, Matter of Howard v Malone*, 247 AD2d 665). As respondents have made a sufficient showing that disclosure of the relevant subsections would pose the very risk of harm covered by the exemption (*see, Matter of Partee v Bartlett*, 241 AD2d 605, *lv denied* 90 NY2d 811), Supreme Court did not err in partially dismissing the petition.

Crew III, J. P., White, Yesawich Jr., Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed, without costs.