■ In the Matter of PERRY BELLAMY, Respondent, v NEW YORK CITY POLICE DEPARTMENT, Appellant. [930 NYS2d 178]—

In 1986, petitioner was convicted of the murder of a New York City Parole Officer. Petitioner made inculpatory statements to the police, in which he admitted to being present during the planning of the murder and to luring the victim to the scene. During the federal narcotics prosecution of other participants in the murder scheme, these individuals asserted that petitioner had not been involved. Petitioner's Freedom of Information Law (FOIL) request for unredacted versions of documents he has received previously is part of his effort to obtain a new trial.

Public Officers Law § 87 (2) (f) permits an agency to deny access to records, that, if disclosed, would endanger the life or safety of any person. The agency in question need only demonstrate "a possibility of endanger[ment]" in order to invoke this exemption (*see Matter of Connolly v New York Guard*, 175 AD2d 372, 373 [1991]; *see also Matter of Rodriguez v Johnson*, 66 AD3d 536 [2009]). "[A]ccess to government records does not depend on the purpose for which the records are sought" (*Matter of Bellamy v New York City Police Dept.*, 59 AD3d 353, 355 [2009]).

Respondent met its burden of establishing that the documents at issue fall within an exemption from disclosure as provided in Public Officers Law § 87 (2). The documents here reflect the identities of certain persons who spoke with police during the course of an investigation into this gang-related homicide ordered from prison. Because these individuals never became testifying witnesses, neither respondent, nor anyone else, would know about them otherwise. It is therefore possible that the lives of persons who spoke with police could be endangered from the release of identifying information. After learning the names, all one would need is an Internet connection to determine where they live and work. Moreover, insofar as the documents mention individuals who did not provide information relied upon during the investigation, that information is exempt from FOIL under the privacy exemption (*see* Public Officers Law § 87 [2] [b]; *Matter of De Oliveira v Wagner*, 274 AD2d 904 [2000]).

Accordingly, based on the facts and circumstances, we deny petitioner's FOIL request seeking unredacted versions of the documents (*see Matter of Rodriguez v Johnson*, 66 AD3d 536 [2009] [DA properly withheld, pursuant to the public interest privilege, statements of two witnesses who spoke with law enforcement personnel]). Concur—Tom, J.P., Moskowitz, Freedman, Richter and Manzanet-Daniels, JJ.

---

The decision and order of this Court entered herein on January 4, 2011 is hereby recalled and vacated (*see* 2011 NY Slip Op 82906[U] [decided simultaneously herewith]).