Mercure, J.P.
*1189 Petitioner made a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) for the disclosure of the anonymous notes that were revealed during the IPC hearing. The request was denied on the ground that the disclosure “could compromise the safety and security of the facility or are confidential.” Petitioner filed an administrative appeal but did not receive a response because respondent could not find a record of petitioner’s FOIL request. Thereafter, petitioner commenced this CPLR article 78 proceeding challenging both the determination placing him in IPC and the determination denying his FOIL request.
Initially, it must be noted that although petitioner has since been transferred to another correctional facility and is no longer in IPC, his challenge to the IPC determination is not rendered moot insofar as he seeks expungement of said determination from his institutional record (see Matter of Ortiz v Simmons, 67 AD3d 1208, 1209 [2009]; Matter of Dawes v Fischer, 53 AD3d 902, 903 [2008]). On the merits, petitioner argues, among other things, that the Hearing Officer did not properly ascertain the reliability of the confidential information he relied upon in concluding that petitioner should be placed in IPC. We agree. The correction officials who testified at the hearing were not able to identify the individuals who wrote the anonymous letters nor did they articulate a reasonable basis for concluding that the threats contained therein were legitimate based upon their own knowledge and/or independent investigation (see e.g. Matter of Franklin v Hoke, 174 AD2d 908, 908 [1991]; Matter of Nelson v Coughlin, 148 AD2d 779, 780 [1989]; Matter of Nichols v Coughlin, 148 AD2d 539, 540 [1989]; compare Matter of Cabassa v Goord, 41 AD3d 1101, 1101 [2007], lv denied 9 NY3d 813 [2007]). Notably, a correction sergeant who received one of the letters may have been able to provide relevant testimony in this regard, but the Hearing Officer denied petitioner’s request to call him as a witness. Moreover, notwithstanding the information contained in the IPC recommendation, it was not established that either petitioner or his girlfriend had any involvement in drug transactions within the correctional facility. In addition, petitioner demonstrated that his father sent him money at the prison for the payment of monthly expenses *1190 on a fairly regular basis. Indeed, the evidence presented is consistent with petitioner’s claim that the IPC recommendation was fabricated in an attempt to have him transferred out of the facility due to his involvement in certain inmate committees. Consequently, under the circumstances presented, we find that the determination is not supported by substantial evidence and it must be annulled.
We reach a different conclusion, however, with regard to the determination denying his FOIL request. The disclosure of the actual handwritten letters could foreseeably lead to attempts to identify the individuals who wrote them and to dangerous retaliatory action. Accordingly, inasmuch as disclosure could potentially “endanger the life or safety of [a] person” (Public Officers Law § 87 [2] [f]; see Matter of Carty v New York State Div. of Parole, 277 AD2d 633, 633 [2000]), there is no reason to disturb the denial of petitioner’s FOIL request.
Rose, Kavanagh, Stein and Egan Jr., JJ., concur. Adjudged that the determination placing petitioner in involuntary protective custody is annulled, without costs, petition granted to that extent and respondent is directed to expunge all references thereto from petitioner’s institutional record. Adjudged that the determination denying petitioner’s request under the Freedom of Information Law is confirmed, without costs, and petition dismissed to that extent.