■ In the Matter of CLIFTON K. WILLIAMSON, Appellant, v BRIAN FISCHER, as Commissioner of Corrections and Community Supervision, et al., Respondents. [984 NYS2d 194]—

Egan Jr., J. Appeal from a judgment of the Supreme Court (McDonough, J.), entered December 22, 2011 in Albany County, which partially dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Corrections and Community Supervision denying certain requests under the Freedom of Information Law.

In June 2009, petitioner, a 32-year-old prison inmate, was adopted by a man and a woman in their mid 40s. Although petitioner initially was granted permission to participate in the Family Reunion Program at Auburn Correctional Facility where he was incarcerated, that permission subsequently was revoked, and an investigation into the precise nature of petitioner's relationship with his adoptive parents—particularly petitioner's relationship with his adoptive mother—ensued.[1] In December 2009, petitioner filed two Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) requests—one with the facility and one with the Department of Corrections and Community Supervision (hereinafter DOCCS)—seeking various records relating to the denial of his request to participate in the subject program and the resulting investigation. Both requests were denied upon the ground that such records were the subject of an ongoing investigation by the Inspector General for DOCCS. Petitioner's administrative appeal was denied in March 2010, at which time he also was advised that

---

**1.** Petitioner allegedly was observed "kissing" and "groping" his adoptive mother during facility visits.

he could resubmit his request upon the conclusion of the underlying investigation. Petitioner resubmitted his request on March 31, 2010 and, in October 2010, DOCCS rendered a determination granting petitioner access to certain of the materials he was seeking.

In the interim, petitioner commenced this CPLR article 78 proceeding requesting, among other things, that Supreme Court conduct an in camera review of the records to which access had been denied. Supreme Court granted petitioner's request for in camera review and dismissed the balance of the petition; upon appeal, this Court affirmed (96 AD3d 1304 [2012], *lv dismissed* 20 NY3d 995 [2013]). Ultimately, after reviewing the materials at issue, Supreme Court ordered the release of certain documents but, insofar as is relevant here, denied petitioner access to 26 pages of the requested records—specifically, pages 1-3, 30-37, 62-63, 81-84, 107 and 113-120. This appeal by petitioner ensued.

We affirm. "Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (*Matter of Hearst Corp. v New York State Police*, 109 AD3d 32, 34 [2013] [citations omitted]; *see Matter of Carnevale v City of Albany*, 68 AD3d 1290, 1292 [2009]). In denying petitioner access to the 26 pages at issue, Supreme Court primarily relied upon what is commonly referred to as the inter-agency and intra-agency exemption set forth in Public Officers Law § 87 (2) (g), which exempts from disclosure "deliberative materials or communications exchanged for discussion purposes not constituting final policy decisions" (*Matter of Bass Pro, Inc. v Megna*, 69 AD3d 1040, 1041-1042 [2010] [internal quotation marks and citations omitted]; *see Matter of Stein v New York State Dept. of Transp.*, 25 AD3d 846, 847 [2006]). Even assuming, without deciding, that certain of the sought-after materials contain purely factual data and, as such, do not fall within the scope of the foregoing exemption (*see Matter of Humane Socy. of U.S. v Empire State Dev. Corp.*, 53 AD3d 1013, 1018 [2008], *lv denied* 12 NY3d 701 [2009]), we nonetheless are persuaded that petitioner's access to such documents was properly denied.

Public Officers Law § 87 (2) (f) exempts from disclosure materials that, "if disclosed[,] could endanger the life or safety of any person."[2] Notably, the agency invoking this exemption

---

**2.** To the extent that DOCCS did not rely upon this particular exemption in denying the relevant portions of petitioner's March 2010 FOIL request, we

"need only demonstrate 'a possibility of endanger[ment]' " (*Matter of Bellamy v New York City Police Dept.*, 87 AD3d 874, 875 [2011], *affd* 20 NY3d 1028 [2013]; *see Matter of Hynes v Fischer*, 101 AD3d 1188, 1190 [2012]). Upon our in camera review of the documents in question, we are satisfied that DOCCS made a sufficient showing that disclosure of such materials could pose the very risk of harm encompassed by Public Officers Law § 87 (2) (f) (*see Matter of Bellamy v New York City Police Dept.*, 87 AD3d at 875; *Matter of Boddie v Goord*, 251 AD2d 799, 800 [1998], *lv denied* 92 NY2d 810 [1998]; *Matter of Deane v Annucci*, 248 AD2d 760, 760-761 [1998], *lv denied* 92 NY2d 804 [1998]; *Matter of Partee v Bartlett*, 241 AD2d 605, 605 [1997], *lv denied* 90 NY2d 811 [1997]). Accordingly, Supreme Court appropriately denied disclosure of the 26 pages at issue. Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is affirmed, without costs.

___

note that DOCCS was entitled to invoke this alternative ground for nondisclosure before Supreme Court (*see Matter of Rose v Albany County Dist. Attorney's Off.*, 111 AD3d 1123, 1125 [2013]).