■ In the Matter of LAMONTE JOHNSON, Appellant, v RAYMOND W. KELLY et al., Respondents. [983 NYS2d 795]—

Judgment, Supreme Court, New York County (Donna Mills, J.), entered on or about February 7, 2012, denying the petition brought pursuant to CPLR article 78, seeking to compel respondents to disclose records pertaining to petitioner's criminal prosecution pursuant to the Freedom of Information Law (FOIL), and dismissing the proceeding, unanimously affirmed, without costs.

The court properly dismissed the petition as against respondent Police Commissioner Kelly as time-barred. The petition was brought in July 2011, more than four months after the December 2010 denial of petitioner's FOIL request (CPLR 217 [1]). The parties' subsequent correspondence regarding the same request " 'did not extend or toll his time to commence an article 78 proceeding' " (*Matter of Andrade v New York City Police Dept.*, 106 AD3d 520, 521 [1st Dept 2013], quoting *Matter of Kelly v New York City Police Dept.*, 286 AD2d 581, 581 [1st Dept 2001]).

The court properly found that the records petitioner requested

from respondent Chief Medical Examiner, pertaining to petitioner's conviction of two counts of second-degree murder (*People v Johnson*, 170 AD2d 535 [2d Dept 1991], *lv denied* 77 NY2d 996 [1991]), are exempt from disclosure under New York City Charter § 557 (g) (*see* Public Officers Law § 87 (2) (a); *see also Matter of Robles v Hirsch*, 19 AD3d 132 [1st Dept 2005], *appeal dismissed* 5 NY3d 823 [2005]; *Matter of Mitchell v Borakove*, 225 AD2d 435 [1st Dept 1996], *appeal dismissed* 88 NY2d 919 [1996]). We reject petitioner's constitutional challenge to the Charter provision on the ground that it restricts the disclosure of public records to a greater extent than in other parts of New York State (*see Matter of Lovacco v Hirsch*, 250 AD2d 416 [1998], *lv denied* 92 NY2d 810 [1998], citing *Gardner v Michigan*, 199 US 325, 334 [1905]).

We have considered petitioner's remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Richter, Feinman and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 30193(U).]**