*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    520247
_____

In the Matter of PAUL KAIRIS,
                    Appellant,

        v
                                        MEMORANDUM AND ORDER

BRIAN FISCHER, as Commissioner
    of Corrections and
    Community Supervision,
                    Respondent.
_____

Calendar Date:  March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                    _____

        Paul Kairis, Wallkill, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondent.

                    _____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Cahill, J.),
entered December 4, 2014 in Albany County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review two determinations of the Department of
Corrections and Community Supervision denying petitioner's
requests under the Freedom of Information Law.

        Petitioner, an inmate, commenced this CPLR article 78
proceeding to challenge two determinations denying his requests
for the disclosure of certain documents under the Freedom of
Information Law (see Public Officers Law art 6 [hereinafter
FOIL]).  The documents sought in one of his FOIL requests
pertained to him being transferred to another correctional

facility pursuant to a request from a staff member. When this case was previously before this Court, the record before us did not contain the documents requested and we remitted the matter to Supreme Court to undertake an in camera review (110 AD3d 1408 [2013]). Following a review, Supreme Court concluded that the documents that related to his transfer were exempt from disclosure under Public Officers Law § 87 (2) (f). Petitioner now appeals.[1]

"Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 34 [2013] [citations omitted]; see Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d 1235, 1236-1237 [2015]). "Public Officers Law § 87 (2) (f) exempts from disclosure materials that, if disclosed, could endanger the life or safety of any person" (Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 904 [2014]; see Matter of Hynes v Fischer, 101 AD3d 1188, 1190 [2012]). "The agency in question need only demonstrate a possibility of endangerment in order to invoke this exemption" (Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [2011] [internal quotation marks and citations omitted], affd 20 NY3d 1028 [2013]; see Matter of Williamson v Fischer, 116 AD3d at 1170-1171). Based upon our in camera review of the documents, we are satisfied that the Department of Corrections and Community Supervision has met its burden of demonstrating that disclosure of the requested material could potentially endanger the safety of a person or persons (see Matter of Williamson v Fischer, 116 AD3d at 1171; Matter of Hynes v Fischer, 101 AD3d at 1190). Accordingly, the request was properly denied.

---

[1] Inasmuch as petitioner does not raise any issues in his brief with respect to the denial of his separate FOIL request for, among other things, documents related to the Family Reunion Program, any challenge thereto is deemed abandoned (see Matter of Gathers v Artus, 59 AD3d 795, 795 [2009]).

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.



ENTER:

Robert D. Mayberger
Clerk of the Court