*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 28, 2016                    520926
_____

In the Matter of JOHNATHAN
    JOHNSON,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
ANTHONY J. ANNUCCI, as
    Commissioner of Corrections
    and Community Supervision,
    et al.,
                        Respondents.
_____


Calendar Date:   March 21, 2016

Before:  Garry, J.P., Egan Jr., Lynch, Devine and Clark, JJ.

                        _____


        Johnathan Johnson, Malone, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Jeffrey W.
Lang of counsel), for respondents.

                        _____


Devine, J.

        Appeal from a judgment of the Supreme Court (Feldstein,
J.), entered April 2, 2015 in Franklin County, which dismissed
petitioner's application, in a proceeding pursuant to CPLR
article 78, to review a determination of the Department of
Corrections and Community Supervision denying certain requests
under the Freedom of Information Law.

        In June 2014, petitioner, a prison inmate at Upstate
Correctional Facility, filed a Freedom of Information Law (see
Public Officers Law art 6 [hereinafter FOIL]) request seeking to
obtain information on certain visitors contained in the

facility's visitor log for May 31, 2014. Petitioner was informed that his request was satisfied and that, upon paying the copying cost (see Public Officers Law § 87 [1] [b] [iii]), he would be provided with one redacted page of the visitor log book reflecting the name of a visitor that he had on May 31, 2014. Petitioner thereafter filed an administrative appeal clarifying that he was seeking information in the log about another inmate's visitor and demanding that Department of Corrections and Community Supervision (hereinafter DOCCS) officials contact that visitor and obtain her written consent to the disclosure of her name and address to petitioner. Having received no response within the statutory time frame (see Public Officers Law § 89 [4]), petitioner commenced this CPLR article 78 proceeding. After the commencement of this proceeding, DOCCS denied his administrative appeal. Supreme Court ultimately dismissed the petition and agreed with respondents that petitioner's request constituted an unwarranted invasion of privacy and a potential endangerment to the visitor's life or safety and, furthermore, that DOCCS had no obligation to contact the visitor. Petitioner now appeals.

We affirm. "Under FOIL, agency records are presumptively available for public inspection, without regard to the need or purpose of the applicant, unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Hearst Corp. v New York State Police, 109 AD3d 32, 34 [2013] [citations omitted]; see Matter of Aurigemma v New York State Dept. of Taxation & Fin., 128 AD3d 1235, 1236-1237 [2015]). Public Officers Law § 87 (2), as is relevant here, exempts from disclosure materials that would "constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]) or "could endanger the life or safety of any person" (Public Officers Law § 87 [2] [f]). With regard to the latter, "the agency invoking this exemption need only demonstrate a possibility of endangerment" (Matter of Williamson v Fischer, 116 AD3d 1169, 1170-1171 [2014] [internal quotation marks and brackets omitted], lv denied 24 NY3d 904 [2014]; see Matter of Hynes v Fischer, 101 AD3d 1188, 1190 [2012]; Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [2011], affd 20 NY3d 1028 [2013]). We agree with Supreme Court that providing a prison inmate with personal information regarding another

inmate's visitor — which could be shared with associates in the community — could expose that visitor to harassment or harm and endanger his or her life or safety (see Public Officers Law § 87 [2] [f]; Matter of Letizia v Graham, 119 AD3d 1296, 1298 [2014], lv denied 24 NY3d 912 [2015]; Matter of Williamson v Fischer, 116 AD3d at 1170; Matter of Bellamy v New York City Police Dept., 87 AD3d at 875; Matter of Deane v Annucci, 248 AD2d 760, 761 [1998], lv denied 92 NY2d 804 [1998]).  Moreover, FOIL does not obligate DOCCS to affirmatively solicit the consent of a visitor to the release of his or her personal information (see generally Public Officers Law § 89 [3] [a]; [5] [g]).  Petitioner's remaining contentions, to the extent that they are properly before us, have been examined and found to be lacking in merit.

Garry, J.P., Egan Jr., Lynch and Clark, JJ., concur.


ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court