*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 1, 2016                    522757
_____

In the Matter of JAMES LAVECK,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

VILLAGE BOARD OF TRUSTEES OF
    THE VILLAGE OF LANSING,
                    Respondent.
_____

Calendar Date:  October 14, 2016

Before:  McCarthy, J.P., Garry, Lynch, Devine and Clark, JJ.

_____

        Trevor J. DeSane, Center for Wildlife Ethics Inc., New York City, for appellant.

        William J. Troy III, Ithaca, for respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Rumsey, J.), entered December 24, 2015 in Tompkins County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Mayor of the Village of Lansing partially denying petitioner's Freedom of Information Law request.

        In conjunction with the Department of Environmental Conservation and Cornell University, the Village of Lansing, a municipal corporation located in Tompkins County, participates in a deer management program that, subject to various restrictions, allows approved hunters to hunt and kill deer with bows and arrows on the private property of consenting landowners in the Village.  In January 2015, petitioner submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter

FOIL]) request to respondent seeking numerous documents relating to the Village's deer management activities, including all communications with property owners in the Village. In response, Jodi Dake, the Village clerk and treasurer, provided petitioner with a list of documents that would be made available to him upon payment of copying costs (see Public Officers Law § 87 [1] [b] [iii]), as well as the cost of employee time required to prepare the copies. Dake explained that some of the documents could not be reproduced electronically, as requested by petitioner, due to redactions that were necessary "to protect information that would, if disclosed, result in an unwarranted invasion of personal privacy and could, if disclosed, endanger the life and safety of persons."

Petitioner appealed to the Mayor (see Public Officers Law § 89 [4] [a]), asserting, among other things, that the justifications provided for the redactions were insufficient and that the imposition of costs for redacted copies and employee preparation time was improper. The Mayor, concluding that petitioner's "[r]equest involved records that included material that could properly be redacted," upheld the imposition of copying costs incurred as a result of the redactions, but determined that petitioner could not be charged for employee preparation time. Petitioner then commenced this CPLR article 78 proceeding seeking, among other things, an order directing respondent to provide complete and unredacted electronic copies of all requested records. Following joinder of issue, Supreme Court dismissed the petition, concluding that the safety and lives of landowners who participated in the deer management program could be endangered by the release of information revealing their identities and therefore such information was exempt from disclosure under Public Officers Law § 87 (2). Petitioner appeals.

Under FOIL, "[a]ll government records are . . . presumptively open for public inspection and copying unless they fall within one of the enumerated exemptions of Public Officers Law § 87 (2)" (Matter of Gould v New York City Police Dept., 89 NY2d 267, 274-275 [1996]; see Matter of Johnson v Annucci, 138 AD3d 1361, 1362 [2016], lv denied 27 NY3d 911 [2016]). These

exemptions are construed narrowly and the burden rests on "the public agency to demonstrate that 'the material requested falls squarely within the ambit of one of the[] statutory exemptions'" (Matter of Newsday, Inc. v Empire State Dev. Corp., 98 NY2d 359, 362 [2002], quoting Matter of Fink v Lefkowitz, 47 NY2d 567, 571 [1979]; see Public Officers Law § 89 [4] [b]; Matter of Columbia-Greene Beauty Sch., Inc. v City of Albany, 121 AD3d 1369, 1370 [2014]). "[T]he [public] agency must articulate 'particularized and specific justification' for not disclosing requested documents" (Matter of Gould v New York City Police Dept., 89 NY2d at 275, quoting Matter of Fink v Lefkowitz, 47 NY2d at 571; see Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [2013]); conclusory assertions, unsupported by facts, will not suffice (see Church of Scientology of N.Y. v State of New York, 46 NY2d 906, 907-908 [1979]; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d at 1126; Matter of Carnevale v City of Albany, 68 AD3d 1290, 1292 [2009]).

To justify the redaction of the names, addresses and other identifying information relating to participants in the deer management program,[1] respondent asserts that disclosure of this information "would constitute an unwarranted invasion of personal privacy" (Public Officers Law § 87 [2] [b]) or "could endanger the li[ves] or safety" of the participants (Public Officers Law § 87 [2] [f]). Turning first to the personal privacy exemption, respondent failed to demonstrate that the redacted information fell into any of the categories of information that the Legislature has specifically determined would qualify as an unwarranted invasion of personal privacy if disclosed (see Public Officers Law § 89 [2] [b]). In the absence of proof establishing the applicability of one of these specifically-enumerated categories, we evaluate whether disclosure would constitute an unwarranted invasion of personal privacy "by balancing the privacy interests at stake against the public interest in

---

[1] While the unredacted documents at issue were not provided to this Court, and Supreme Court did not conduct an in camera review, respondent represented at oral argument that the redacted information was restricted to the names, addresses and other information that would identify participants in the program.

disclosure of the information" (<u>Matter of New York Times Co. v City of N.Y. Fire Dept.</u>, 4 NY3d 477, 485 [2005]; <u>accord</u> <u>Matter of Massaro v New York State Thruway Auth.</u>, 111 AD3d 1001, 1002 [2013]; <u>Matter of Hearst Corp. v City of Albany</u>, 88 AD3d 1130, 1132 [2011]). Respondent, however, has not articulated the implicated privacy interests, if any, that are to be weighed against the community's interest in knowing the locations in which deer-hunting activities may take place. Furthermore, respondent offered no proof that participants in the program had any expectation that their identities would remain strictly confidential. Rather, it is clear that the success of the program depends upon the release of the addresses of consenting landowners to approved hunters. In short, respondent failed to establish that disclosure of the participants' names, home addresses or other personal identifying information would constitute an unwarranted invasion of personal privacy (<u>see</u> Public Officers Law §§ 87 [2] [b]; 89 [2] [b]; <u>Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills</u>, 74 AD3d 1417, 1419 [2010], <u>affd</u> 18 NY3d 42 [2011]; <u>Matter of Carnevale v City of Albany</u>, 68 AD3d at 1292).

Nor did respondent demonstrate that disclosure of the redacted information "could endanger the li[ves] or safety" of the program's participants (Public Officers Law § 87 [2] [f]). While respondent was only required to demonstrate "'a possibility of endangerment'" (<u>Matter of Bellamy v New York City Police Dept.</u>, 87 AD3d 874, 875 [2011], <u>affd</u> 20 NY3d 1028 [2013], quoting <u>Matter of Connolly v New York Guard</u>, 175 AD2d 372, 373 [1991]; <u>see</u> <u>Matter of Johnson v Annucci</u>, 138 AD3d at 1362), respondent's submissions, which included the affidavits of Dake and the Mayor of the Village of Cayuga Heights, which adjoined the Village of Lansing, fell short of such demonstration. Dake merely stated that deer management programs "can be contentious" and that board members of the Village of Cayuga Heights had received threats when they "considered" those programs. The Mayor of the Village of Cayuga Heights confirmed that "[p]roponents of [the] culling operation, including [her] and other Village officials, ha[d] received death threats and other threats of personal harm." However, neither affidavit established that similar threats had been made in the Village of Lansing or that participation in the

deer management program was controversial in that community. Moreover, there was no indication that participants in the program, who were known to each other and whose participation could be discovered through observation, had received any threats. As respondent failed to demonstrate the possibility of endangerment in its community, it could not rely on Public Officers Law § 87 (2) (f) to justify the redactions (see Matter of Mack v Howard, 91 AD3d 1315, 1316 [2012]; Matter of Carnevale v City of Albany, 68 AD3d at 1292).

Having failed to establish the applicability of a statutory exemption, respondent improperly redacted the names, addresses and other identifying information of participants in the deer management program (see Matter of Schenectady County Socy. for the Prevention of Cruelty to Animals, Inc. v Mills, 74 AD3d at 1418; Matter of Carnevale v City of Albany, 68 AD3d at 1292). Consequently, respondent is directed to provide petitioner with unredacted copies of the requested documents, in electronic form if possible. Finally, although petitioner has substantially prevailed in this proceeding, we decline to award him counsel fees and costs, inasmuch as the redactions were made in good faith (see Public Officers Law § 89 [4] [c]; compare Matter of New York State Defenders Assn. v New York State Police, 87 AD3d 193, 197 [2011]).

Petitioner's remaining contentions relating to the imposition of copying costs are rendered academic by our determination.

McCarthy, J.P., Garry, Lynch and Devine, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed that part of the petition seeking to compel respondent to provide complete and unredacted electronic copies of all records responsive to his Freedom of Information Law request; petition granted to that extent; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court