Matter of Hutchinson v Annucci (2020 NY Slip Op 07639)





Matter of Hutchinson v Annucci


2020 NY Slip Op 07639


Decided on December 17, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 17, 2020

529724

[*1]In the Matter of Alton C. Hutchinson, Appellant,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date: November 17, 2020

Before: Egan Jr., J.P., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Alton C. Hutchinson, Malone, appellant pro se.
Letitia James, Attorney General, Albany (Beezly J. Kiernan of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered June 18, 2019 in Columbia County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Department of Corrections and Community Supervision denying petitioner's Freedom of Information Law request.
Petitioner is an inmate in the custody of the Department of Corrections and Community Supervision (hereinafter DOCCS). On August 23, 2018, petitioner submitted a written Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request (hereinafter the first FOIL request) to the FOIL officer at Upstate Correctional Facility where he was incarcerated seeking inmate progress reports made by staff, quarterly review reports and special housing unit management committee (hereinafter SHMC) "review notice[s]" pertaining to inmates in the special housing unit (hereinafter SHU), for the period between 2008 to date.[FN1] The FOIL officer responded, first producing 58 pages of documents for "tier assistance," apparently redacted pursuant to Public Officers Law § 87 (2), and the first FOIL request was marked closed.[FN2] Thereafter, on September 23, 2018, the FOIL officer produced an additional 45 pages of documents described as "1 SHMC decision," 1 certificate, 7 evaluations and 36 quarterlies, indicating that there were no other documents for petitioner and that his request was complete.
Petitioner then submitted a second written FOIL request to the FOIL officer on October 19, 2018 seeking "[a]ny and all staff evaluations," apparently pertaining to evaluations used in SHMC reviews of inmates in SHU. The second FOIL request refers to the FOIL officer's prior memo to a Hearing Officer — in the context of a disciplinary hearing involving petitioner — indicating that petitioner was not entitled to staff evaluations requested in that proceeding.[FN3] The FOIL officer responded to petitioner's second FOIL request the same day, using the same FOIL request number as had been assigned to the first FOIL request, noting that the first FOIL request had been responded to and was complete. The FOIL officer noted that the documents sought in the second FOIL request had originally been requested by petitioner in the context of a tier assistance request at a disciplinary hearing, in which the Hearing Officer had been advised that staff evaluations are exempt from disclosure. The FOIL officer concluded that "[t]his decision stands for both [t]ier [a]ssistance and FOIL [requests]," an apparent conclusion that the documents sought in the second FOIL request were exempt.[FN4] Petitioner submitted a letter dated October 23, 2018 to the FOIL officer asking that a new FOIL request number be assigned to his second FOIL request, arguing the merits of the request and rebutting arguments for exemptions. The only apparent response was a handwritten note on the bottom of the letter indicating that the issue "had already been addressed" and that petitioner [*2]had received all of the materials to which he was entitled.
Petitioner filed an administrative appeal on October 29, 2018 challenging the denial of the second FOIL request for staff evaluations. The FOIL appeals officer issued a written decision on December 5, 2018, affirming the denial of the second FOIL request based upon the exemption in Public Officer Law §§ 87 (2) (a) and 95 (6) (c). As petitioner did not receive a reply to his administrative appeal within 10 days as required (see Public Officers Law § 89 [4] [a]), petitioner commenced a CPLR article 78 proceeding dated and verified on November 26, 2018, but not filed until December 19, 2018, challenging the denial of his second FOIL request (see Public Officers Law § 89 [4] [b]). The petition attached, and was directed at challenging, the FOIL officer's October 19, 2018 denial of petitioner's second FOIL request.
After receiving a final decision from the FOIL appeals officer, petitioner filed an amended petition challenging the denial by the FOIL appeals officer of his second FOIL request as lacking a rational basis. Respondent submitted an answer to the amended petition. Supreme Court dismissed the petition, finding that the staff evaluations were exempt under Public Officers Law §§ 87 (2) and 95 (6) (c). Petitioner appeals.[FN5]
We affirm. Pursuant to FOIL, government agencies are required to "'make available for public inspection and copying'" all governmental records, unless the agency can demonstrate that such documents are statutorily exempt from disclosure (Matter of Friedman v Rice, 30 NY3d 461, 475 [2017], quoting Public Officers Law § 87 [2] [internal quotation marks and citation omitted]; see Public Officers Law § 84). Although "[e]xemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption" (Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d 562, 566 [1986]), exemptions must "be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept., 73 NY2d 92, 96 [1989]; see Matter of Abdur-Rashid v New York City Police Dept., 31 NY3d 217, 225 [2018]). As respondent argued in opposition to the amended petition, access to requested documents may be denied under the exemption in Public Officers Law § 87 (2) (f) where their disclosure "could endanger the life or safety of any person" (see Matter of Kairis v Fischer, 138 AD3d 1360, 1361 [2016]).
In support of its answer and the denial of its request for staff evaluations, respondent submitted the affidavit of Samantha Koolen, assistant counsel to DOCCS who handles FOIL requests. Koolen explained that the SHU staff evaluations are prepared by various SHU staff, including [*3]security and program staff, on a designated DOCCS form for consideration in connection with periodic review by SHMC of SHU inmates; the staff evaluations are among the materials relied upon to determine if an inmate's SHU time should be reduced by the facility superintendent, as set forth in DOCCS Directive No. 4933B. According to Koolen, the staff evaluations, most of which are handwritten, describe and comment upon inmate behavior, attitude and progress while in SHU. As provided in that directive, inmates do not receive the evaluation reports but are advised of the SHMC decision on another DOCCS form and the reason for the decision (Dept of Corr & Community Supervision Directive No. 4933B [III] [E] [2]).[FN6] Koolen argued that the release of these evaluative opinions of staff members, who may be identified by their handwriting, could endanger their safety and, thus, they are exempt from disclosure pursuant to Public Officers Law § 87 (2) (f).
To that end, "Public Officers Law § 87 (2) (f) exempts from disclosure materials that, if disclosed[,] could endanger the life or safety of any person" (Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [2014] [internal quotation marks and citations omitted; emphasis added], lv denied 24 NY3d 904 [2014]), and DOCCS, "[t]he agency in question[,] need only demonstrate a possibility of endangerment in order to invoke this exemption" (Matter of Bellamy v New York City Police Dept., 87 AD3d 874, 875 [2011] [internal quotation marks, brackets and citations omitted; emphasis added], affd 20 NY3d 1028 [2013]; see Matter of Kairis v Fischer, 138 AD3d at 1361). Upon review, we agree with Supreme Court's conclusion that DOCCS has satisfied its burden of demonstrating that the disclosure of the requested material could potentially endanger the life or safety of the persons involved in preparing and contributing to the staff evaluations so as to be exempt under Public Officers Law
§ 87 (2) (f) (see Matter of Kairis v Fischer, 138 AD3d at 1361; Matter of Johnson v Annucci, 138 AD3d 1361, 1362 [2016], lv denied 27 NY3d 911 [2016]; Matter of Williamson v Fischer, 116 AD3d at 1170-1171; Matter of Hynes v Fischer, 101 AD3d 1188, 1190 [2012]; Matter of Bellamy v New York City Police Dept., 87 AD3d at 875; Matter of Boddie v Goord, 251 AD2d 799, 800 [1998], lv denied 92 NY2d 810 [1998]).
In reaching this conclusion, we are mindful that judicial review of administrative determinations is generally limited to the reasons provided by the agency and to the facts and record adduced before the agency (see Matter of National Fuel Gas Distrib. Corp. v Public Serv. Commn. of the State of N.Y., 16 NY3d 360, 368 [2011]; Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]; Matter of Trump-Equitable Fifth Ave. Co. v Gliedman, 57 NY2d 588, 593 [1982]; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1124-1125 [2013]). However, in defending a CPLR article 78 challenge to the final administrative denial of access [*4]to records based upon the exemption in Public Officers Law § 87 (2), DOCCS bore the burden of demonstrating that "the withheld material 'falls squarely within a FOIL exemption by articulating a particularized and specific justification for denying access'" (Matter of Kaufman v New York State Dept. of Envtl. Conservation, 289 AD2d 826, 827 [2001], quoting Matter of Capital Newspapers Div. of Hearst Corp. v Burns, 67 NY2d at 566; see Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d at 1125; see also Public Officers Law § 89 [4] [b]). In defending the denial of disclosure, the post-petition Koolen affidavit invoked a FOIL exemption not previously specifically relied upon as grounds for its denial, namely, Public Officers Law § 87 (2) (f) related to potential endangerment of any person, an exemption which Supreme Court found applicable. As we have previously recognized, where, as here, "the confidentiality rights of third parties not before the court are implicated by the disclosure determination," i.e., safety concerns regarding SHU staff who contribute to the candid staff evaluations of SHU inmates, Supreme Court was not precluded from addressing and relying upon this endangerment exception to disclosure, notwithstanding that it was first asserted in response to the amended petition (Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d at 1125).
We further note that the preferred practice is for the agency defending nondisclosure to submit, for in camera inspection, the records sought to be disclosed, or a sample thereof, "to allow an informed determination by the court" on whether an exemption applies or redacted disclosure is appropriate (Matter of McFadden v Fonda, 148 AD3d 1430, 1434 [2017] [internal quotation marks and citation omitted]; see Matter of Kaufman v New York State Dept. of Envtl. Conservation,289 AD2d at 827; see e.g. Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 173 AD3d 8, 14 [2019]). However, given that Koolen's detailed affidavit documented the nature of the content and use made of the staff evaluations, we find that the requested staff evaluations "fall entirely within the scope of the asserted exemption" given their endangerment potential and, as such, that an in camera review is unnecessary (Matter of Gould v New York City Police Dept., 89 NY2d 267, 275 [1996]; see Matter of Grune v New York State Dept. of Correctional Servs., 166 AD2d 834, 835 [1990]; cf. Matter of Xerox Corp. v Town of Webster, 65 NY2d 131, 133 [1985]; Matter of M. Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 83 [1984]; Matter of Whitehead v Warren County Bd. of Supervisors, 165 AD3d 1452, 1454 [2018]). Given this conclusion, we need not address petitioner's remaining claims.
Egan Jr., J.P, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed, without costs.



Footnotes

Footnote 1: That request referred to an earlier request of the same date, to which petitioner reportedly received a response, which is not before us.

Footnote 2: The documents turned over to petitioner in response to the first FOIL request are not in the record on appeal and their precise nature cannot be discerned.

Footnote 3: Neither the FOIL officer's October 3, 2018 memo to the Hearing Officer referred to in the second FOIL request and response (and in the petition and amended petition) nor the record of the disciplinary proceeding are in the record on appeal, and they are not before us.

Footnote 4: Although the response could be read as characterizing the second FOIL request as seeking the "same documents" as the first FOIL request, the response clearly reflects that the documents sought in each request were not the same. Accordingly, the reference in the response to "[t]his decision" is viewed as referring and adhering to the decision, made in the disciplinary proceeding, that the documents sought in the second FOIL request — the staff evaluations — are exempt.

Footnote 5: Supreme Court did not list, under papers considered, the amended petition. However, the court listed the answer, which had responded to the amended petition, and the court's decision clearly reviewed petitioner's arguments addressed to the FOIL appeals officer's decision denying disclosure of the second FOIL request, as challenged in the amended petition. Thus, we reject petitioner's claim that the court failed to consider the amended petition.

Footnote 6: The record does not reflect that the requested staff evaluations or a sample thereof were submitted for in camera inspection or that petitioner requested an offer of proof in that regard.