Matter of Empire Ch. of the Associated Bldrs. & Contrs., Inc. v New York State Dept. of Transp. (2022 NY Slip Op 06852)

Matter of Empire Ch. of the Associated Bldrs. & Contrs., Inc. v New York State Dept. of Transp.

2022 NY Slip Op 06852

Decided on December 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 1, 2022

534867
[*1]In the Matter of Empire Chapter of the Associated Builders and Contractors, Inc., Respondent,
v
New York State Department of Transportation, Appellant.

Calendar Date:October 19, 2022

Before:Egan Jr., J.P., Clark, Pritzker, Reynolds Fitzgerald and Ceresia, JJ.

Letitia James, Attorney General, Albany (Owen Demuth of counsel), for appellant.
Goldberg Segalla LLP, Buffalo (Meghan M. Brown of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a judgment of the Supreme Court (Henry F. Zwack, J.), entered December 22, 2021 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of respondent denying petitioner's Freedom of Information Law request.
In April 2021, petitioner — a national construction trade association representing, among others, general contractors, subcontractors, associates and suppliers — submitted a Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) request to respondent. Petitioner sought disclosure of a labor and cost analysis study prepared by Hill International to assist respondent in determining whether the use of a project labor agreement (hereinafter PLA)[FN1] was appropriate in the Wurts Street bridge project. In May 2021, respondent's Commissioner issued a "project labor agreement record review and determination" regarding the Wurts Street project, concluding that a PLA would be included in the project. In June 2021, respondent's records access officer denied petitioner's request for the study, as relevant here, on the basis that the document was exempt from disclosure as an intra-agency material (see Public Officers Law § 87 [2] [g]) and by the attorney-client privilege (see Public Officers Law § 87 [2] [a]). Petitioner's subsequent administrative appeal was denied.
Petitioner thereafter commenced this CPLR article 78 proceeding seeking to annul respondent's determination denying its FOIL request. After conducting an in camera review of the study, Supreme Court granted the petition finding that the asserted exemptions did not apply, ordered the withheld study to be disclosed, and awarded petitioner counsel fees and costs. Respondent appeals.
We affirm. "Under FOIL, agency records are presumptively available for public inspection, . . . unless the requested documents fall within one of the exemptions set forth in Public Officers Law § 87 (2)" (Matter of Williamson v Fischer, 116 AD3d 1169, 1170 [3d Dept 2014] [internal quotation marks and citations omitted], lv denied 24 NY3d 904 [2014]). "[E]xemptions are to be narrowly construed to provide maximum access, and the agency seeking to prevent disclosure carries the burden of demonstrating that the requested material falls squarely within a FOIL exemption" (Matter of Hutchinson v Annucci, 189 AD3d 1850, 1853 [3d Dept 2020] [internal quotation marks and citation omitted; emphasis added]).
Respondent claims that the study falls under the exemptions to disclosure found within the FOIL statute, and, thus, contends that Supreme Court erred in determining that the study was not exempt from disclosure. Specifically, respondent first points to Public Officers Law § 87 (2) (g), the intra-agency exemption. This "exemption applies to records that are deliberative, i.e., communications exchanged for discussion purposes not constituting final policy decisions. The purpose of this exemption is to permit people within [*2]an agency to exchange opinions, advice and criticism freely and frankly, without the chilling prospect of public disclosure" (Matter of Miller v New York State Dept. of Transp., 58 AD3d 981, 984 [3d Dept 2009] [internal quotation marks and citations omitted], lv denied 12 NY3d 712 [2009]). However, intra-agency materials are exempt from FOIL disclosure only to the extent that the materials do not contain statistical or factual tabulations or data or are a final agency policy or determination (see Public Officers Law § 87 [2] [g]; Matter of Gilbert v Office of the Governor of the State of N.Y., 170 AD3d 1404, 1405 [3d Dept 2019]). These above noted exceptions are two of several exceptions to the rule exempting intra-agency materials from disclosure (Public Officers Law § 87 [2] [g] [i], [iii]). Upon our review of the study, we find that both exceptions apply. As the study primarily consists of the history of PLAs, factual information as to the area labor market and statistical data, its contents negate respondent's blanket denial of petitioner's request. Additionally, respondent's Commissioner utilized the study in rendering a final determination. The Commissioner's "project labor agreement record review and determination" references and specifically cites to numerous findings in the study as justification for her conclusion. When an intra-agency document is expressly relied upon as the basis for a final determination, the document becomes subject to disclosure (see Matter of Century House Historical Socy. v State of N.Y. Pub. Serv. Commn., 237 AD2d 844, 846 [3d Dept 1997]; Matter of Scaccia v New York State Div. of State Police, 138 AD2d 50, 53 [3d Dept 1988]). Further, it would be inimical to FOIL's policy of open government for respondent to utilize the study to render its final determination, and, yet, allow it "to throw a protective blanket over [the] information by casting it in the form of" intra-agency material (Matter of Miracle Mile Assoc. v Yudelson, 68 AD2d 176, 183 [4th Dept 1979], lvs denied 48 NY2d 606, 48 NY2d 706 [1979]; see Matter of Police Benevolent Assn. of N.Y. State, Inc. v State of New York, 145 AD3d 1391, 1392 [3d Dept 2016]).
Respondent claims that the study is also exempt as a privileged attorney-client communication. "Public Officers Law § 87 (2) (a) . . . exempts from disclosure materials specifically exempted from disclosure by state or federal statute, which includes privileged communications between attorneys and their clients" (Matter of Shooters Comm. on Political Educ., Inc. v Cuomo, 147 AD3d 1244, 1245 [3d Dept 2017] [internal quotation marks and citation omitted]). This exemption protects "communications between attorneys and their clients exchanged in the course of obtaining legal advice or services" (Matter of Gartner v New York State Attorney General's Off., 160 AD3d 1087, 1091 [3d Dept 2018]; see CPLR 4503 [a]). "The exemption should be limited to those materials which are uniquely the product of a lawyer's [*3]learning and professional skills, such as materials which reflect his or her legal research, analysis, conclusions, legal theory or strategy" (Matter of Gartner v New York State Attorney General's Off., 160 AD3d at 1091-1092 [internal quotation marks and citations omitted]). Here, the study is not a communication that includes legal advice or reflects client confidences. Nor is the study's primary purpose to facilitate the rendition of legal advice or services. The primary purpose of the study is to determine the feasibility of utilizing a PLA at the Wurts Street bridge project. It was certainly not prepared solely for litigation purposes or in conjunction with a pending lawsuit (see NYAHSA Servs., Inc., Self-Ins. Trust v People Care Inc., 155 AD3d 1208, 1210 [3d Dept 2017]). The specter of a possible lawsuit is insufficient to invoke the privilege. Moreover, the attorney-client privilege is waived if the communication or the underlying factual information is publicly disclosed or made to third parties (see Matter of Gartner v New York State Attorney General's Off., 160 AD3d at 1092; Matter of Loudon House LLC v Town of Colonie, 123 AD3d 1409, 1411 [3d Dept 2014]; Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d 586, 588 [3d Dept 2004]). In this regard, respondent's Commissioner's public determination virtually parroted the study's analysis and findings and, as such, respondent waived the privilege with respect to this information. Accordingly, respondent has failed to meet its burden that the study falls squarely within the intra-agency or the attorney-client privilege exemptions to FOIL disclosure. Thus, petitioner is entitled to disclosure of the study (see Matter of Gartner v New York State Attorney General's Off., 160 AD3d at 1093; Matter of Laveck v Village Bd. of Trustees of the Vil. of Lansing, 145 AD3d 1168, 1171 [3d Dept 2016]; Matter of Morgan v New York State Dept. of Envtl. Conservation, 9 AD3d at 588).
We agree with Supreme Court's finding that respondent failed to meet its burden of establishing that it had a reasonable basis for denying access to the study under any of the claimed exemptions. We therefore decline to disturb its award of counsel fees and costs (see Matter of Cohen v Alois, 201 AD3d 1104, 1108 [3d Dept 2022]; Matter of Vertucci v New York State Dept. of Transp., 195 AD3d 1209, 1212 [3d Dept 2021], lv denied 37 NY3d 917 [2022]).
Egan Jr., J.P., Clark, Pritzker and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1: A PLA is "a pre-hire collective bargaining agreement between a contractor and a bona fide building and construction trade labor organization establishing the labor organization as the collective bargaining representative for all persons who will perform work on a public work project, and which provides that only contractors and subcontractors who sign a pre-negotiated agreement with the labor organization can perform project work" (Labor Law § 222 [1]).