Matter of Whitfield v Foil Appeals Officer, Dept. of Corr. & Community Supervision (2023 NY Slip Op 06022)

Matter of Whitfield v Foil Appeals Officer, Dept. of Corr. & Community Supervision

2023 NY Slip Op 06022

Decided on November 22, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 22, 2023

CV-22-2357
[*1]In the Matter of John Whitfield, Appellant,
v
Foil Appeals Officer, Department of Corrections and Community Supervision, Respondent.

Calendar Date:October 18, 2023

Before:Clark, J.P., Aarons, Pritzker, Ceresia and Fisher, JJ.

John Whitfield, Brooklyn, appellant pro se.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Ceresia, J.
Appeal from a judgment of the Supreme Court (James P. Gilpatric, J.), entered October 31, 2022 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.
In 1989, petitioner was convicted of second-degree murder and a number of gun charges, and sentenced to an aggregate term of 25 years to life in prison. In 2004, after his appeals had been exhausted, petitioner filed an application for executive clemency. The application was denied, and petitioner thereafter continued to serve his sentence until he was released to and ultimately discharged from parole supervision. In 2021, petitioner submitted a request pursuant to the Freedom of Information Law (see Public Officers Law art 6 [hereinafter FOIL]) to the Department of Corrections and Community Supervision (hereinafter DOCCS), whereby he sought, as relevant here, all records related to his clemency application. Petitioner's request was denied on the ground that the records were exempt from disclosure under a state or federal statute pursuant to Public Officers Law § 87 (2) (a). After his ensuing administrative appeal was rejected by respondent, petitioner commenced this proceeding seeking, among other things, a complete response to his FOIL request and an award of litigation costs.
Prior to answering, DOCCS disclosed to petitioner 755 pages of records responsive to the FOIL request, while withholding or redacting an additional 60 pages. As a result, Supreme Court requested a status update from petitioner, following which he filed an affidavit indicating that he wanted complete disclosure of all withheld or redacted records. DOCCS thereafter answered the petition and sought dismissal on the grounds of mootness and failure to state a claim. DOCCS also submitted the complete unredacted records for in camera review, together with a privilege/redaction log invoking, for the first time, Public Officers Law § 87 (2) (b), (f) and (g) as grounds for withholding or redacting the 60 pages in question. In addition, in its memorandum of law submitted in opposition to the petition, DOCCS continued to argue that Public Officers Law § 87 (2) (a) shielded all of the records from disclosure, notwithstanding the fact that it had already turned over the vast majority of them. Without addressing the mootness argument, Supreme Court performed an in camera review and ultimately dismissed the petition on the basis that the withheld or redacted records fell within the exemptions of Public Officers Law § 87 (2) (b), (f) and (g), such that petitioner had been provided with all of the records to which he was entitled. Petitioner appeals.
"FOIL imposes a broad duty of disclosure on government agencies and all agency records are presumptively available for public inspection and copying unless one of the statutory exemptions applies," in which case the agency may withhold or redact the [*2]requested records (Matter of Hepps v New York State Dept. of Health, 183 AD3d 283, 287 [3d Dept 2020] [internal quotation marks, brackets and citations omitted], lv dismissed & denied 37 NY3d 1001 [2021]). An agency seeking to prevent disclosure bears the burden of demonstrating "that the requested materials fall squarely within a FOIL exemption by articulating a particularized justification for denying access" (Matter of Tatko v Village of Granville, 207 AD3d 975, 977 [3d Dept 2022] [internal quotation marks and citation omitted]).
As a starting point, the sole ground upon which DOCCS relied when initially denying petitioner's FOIL request — Public Officers Law § 87 (2) (a) — is inapplicable. That exception applies to records that are "specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). DOCCS contended that the records were shielded by the Guidelines for Review of Executive Clemency Applications, issued by the Executive Chamber, which indicate that material in a clemency file is considered confidential. However, as DOCCS now concedes, these guidelines are not codified in any state or federal statute.[FN1] Given this, and recognizing that "judicial review of [an] administrative determination[ ] is generally limited to the reasons provided by the agency" when making that determination (Matter of Hutchinson v Annucci, 189 AD3d 1850, 1854 [3d Dept 2020]), DOCCS ordinarily would not be entitled to rely upon any new grounds in this proceeding to justify the withholding or redacting of the remaining 60 pages at issue.
That said, where the safety or confidentiality rights of third parties may be implicated by the disclosure of documents, a court can consider statutory exemptions relating to those considerations despite the fact that they were not previously invoked by the agency (see Matter of Hutchinson v Annucci, 189 AD3d at 1854-1855; Matter of Rose v Albany County Dist. Attorney's Off., 111 AD3d 1123, 1125 [3d Dept 2013]).[FN2] Thus, to the extent that Supreme Court analyzed DOCCS's invocation of Public Officers Law § 87 (2) (b), concerning records which, "if disclosed[,] would constitute an unwarranted invasion of personal privacy," and Public Officers Law § 87 (2) (f), pertaining to records which, "if disclosed[,] could endanger the life or safety of any person," the court was permitted to do so (see Matter of Hutchinson v Annucci, 189 AD3d at 1854-1855; Matter of Williamson v Fischer, 116 AD3d 1169, 1170 n 2 [3d Dept 2014], lv denied 24 NY3d 904 [2014]). On the other hand, the records that DOCCS asserts are exempt solely due to their classification as "inter-agency or intra-agency materials" under Public Officers Law § 87 (2) (g) do not qualify as documents withheld for third-party safety or confidentiality reasons. Therefore, it was not appropriate for the court to consider this exemption and conclude that it applied (see Matter of Union Carbide Corp. v New York State Dept. of Envtl. Conservation, 189 AD3d [*3]1805, 1809 [3d Dept 2020]). As a result, pages 1, 3-5, 30-38 and 134 must be disclosed to petitioner.
Turning to the first of the two aforementioned exemptions which were properly considered by Supreme Court, Public Officers Law § 87 (2) (b) contains eight categories that constitute per se unwarranted invasions of personal privacy, but the exemption is not limited to those categories (see Matter of Suhr v New York State Dept. of Civ. Serv., 193 AD3d 129, 134 [3d Dept 2021], lv denied 37 NY3d 907 [2021]). DOCCS did not cite a specific category when it invoked Public Officers Law § 87 (2) (b), nor did Supreme Court when it dismissed the petition. "In the absence of proof establishing the applicability of one of the[ ] specifically-enumerated categories, [this Court] evaluate[s] whether disclosure would constitute an unwarranted invasion of personal privacy by balancing the privacy interests at stake against the public interest in disclosure of the information" (id. at 134-135 [internal quotation marks and citations omitted]). Our in camera review of the records subject to this exemption reveals that pages 12-14 should be disclosed, as the information contained therein does not implicate any third party's personal privacy. For the same reason, pages 15-26 and 101-109 should be disclosed, although personally identifying information should be redacted.[FN3] The remaining pages for which DOCCS relied upon this exemption were properly withheld and/or redacted.
As for the second of the two grounds properly considered by Supreme Court, Public Officers Law § 87 (2) (f), this section "exempts from disclosure materials that, if disclosed, couldendanger the life or safety of any person, and DOCCS . . . need only demonstrate a possibilityof endangerment in order to invoke this exemption" (Matter of Hutchinson v Annucci, 189 AD3d at 1854 [internal quotation marks, brackets, emphasis and citations omitted]). Upon review, we find that DOCCS correctly utilized this exemption to withhold and/or redact certain records, as the records in question include information which could potentially endanger the safety of individuals who expressed opinions relative to petitioner's clemency application.
Finally, with respect to petitioner's request for litigation costs, these must be awarded where the petitioner has substantially prevailed in the proceeding and the agency had no reasonable basis to deny access to the records (see Public Officers Law § 89 [4] [c] [i]; Matter of Cohen v Alois, 201 AD3d 1104, 1107 [3d Dept 2022]). Petitioner has substantially prevailed, in that he obtained an overwhelming majority of the records that he sought following commencement of this proceeding (see Matter of Madeiros v New York State Educ. Dept., 30 NY3d 67, 79-80 [2017]; Matter of Cohen v Alois, 201 AD3d at 1107; Matter of Legal Aid Socy. v New York State Dept. of Corr. & Community Supervision, 105 AD3d 1120, 1121 [3d Dept 2013]). Further, in our view, DOCCS had no reasonable basis to conclude [*4]that the clemency guidelines constituted a state or federal statute under Public Officers Law § 87 (2) (a) (see generally Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Corr. & Community Supervision, 211 AD3d 1382, 1384 [3d Dept 2022]; Matter of Hearst Corp. v City of Albany, 88 AD3d 1130, 1133 [3d Dept 2011]). Accordingly, we remit to Supreme Court for a determination of the appropriate amount of litigation costs to be awarded.
Clark, J.P., Aarons, Pritzker and Fisher, JJ., concur.
ORDERED that the judgment is modified, on the law, with costs, by 1) reversing so much thereof as found pages 1, 3-5, 12-14, 15-26, 30-38, 51, 101-109 and 134 exempt from disclosure, and petition granted to the extent set forth herein; 2) reversing so much thereof as denied petitioner's request for litigation costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: DOCCS nevertheless advances an argument that the clemency guidelines may still be considered to fall under the auspices of Public Officers Law § 87 (2) (a), relying upon a case in which it was held that New York City Charter § 557 (g) qualified as a state statute (see Matter of Johnson v Kelly, 116 AD3d 605, 605-606 [1st Dept 2014]). We are unpersuaded, as the rationale behind recognizing this section of the City Charter as having the same force and effect as an enactment of the State Legislature (see Matter of Mitchell v Borakove, 225 AD2d 435, 438-441 [1st Dept 1996, Tom, J., concurring], appeal dismissed 88 NY2d 919 [1996]) is inapplicable to the clemency guidelines.

Footnote 2: For this reason, we do not agree with DOCCS's position that this case is moot because petitioner received the records to which he was entitled and must exhaust his administrative remedies before challenging DOCCS's newly raised exemptions. The cases cited above demonstrate that, where exemptions related to the safety or confidentiality of third parties are raised — even postpetition — a court may address them without first requiring the petitioner to exhaust his or her administrative remedies. This is particularly appropriate where, as here, Supreme Court allowed the parties to fully set forth their arguments regarding the new exemptions and then ruled on the merits of each. To require petitioner to exhaust his administrative remedies and then renew his court challenge on these very same grounds would be a waste of the parties' time and judicial resources. We find the case relied upon by DOCCS, Matter of New York State Funeral Directors Assn. v New York State Dept. of Health (200 AD3d 1255, 1256-1257 [3d Dept 2021]), to be inapposite for two reasons. First, there was no indication in that case that the exemptions raised postpetition pertained to safety or confidentiality concerns. Second, as the petition in that case was dismissed for mootness, the trial court did not reach the merits of the newly claimed exemptions.

Footnote 3: DOCCS now concedes that page 51, which contains petitioner's booking photograph, should be turned over to him.